Rogers v. Shewmaker.

---

ROGERS ET AL. *v.* SHEWMAKER ET AL.

[No. 3,741. Filed May 14, 1901. Rehearing denied October 1, 1901. Petition to transfer denied November 22, 1901.]

HUSBAND AND WIFE. — *Trust Deed of Lands.* — *Tenants by Entireties.—Suretyship.*—An absolute deed of trust by a married woman and her husband, of real estate held by them as tenants by entireties, the real estate to be sold by the trustee and the proceeds applied to the debts of her husband, is not a contract of suretyship on the part of such married woman. *pp. 632-635.*

SAME.—*Estate by Entireties.—Conveyance.—Application of Proceeds.* A wife may, her husband joining in the conveyance, convey an estate held with him by entireties, and, with his consent, apply the proceeds to the payment of the husband's debts or to any other use. *p. 635.*

SAME.—*Estate by Entireties.—Trust Deed.*—Where a married woman joins her husband in a trust deed of real estate held by them as tenants by entireties, the same to be sold and the proceeds to be applied to the husband's debts, and the trust has been fully executed, a suit, after years of acquiescence, to recover the property on the ground that the deed was a contract of suretyship, comes too late, even though the trust deed is in the nature of a mortgage. *p. 636.*

From Vigo Circuit Court; *J. E. Piety,* Judge.

Suit by Mary J. Rogers and others against Uriah Shewmaker and others to quiet title. From a judgment in favor of defendants, plaintiffs appeal. *Affirmed.*

*R. B. Stimson, H. A. Condit* and *W. W. Rumsey,* for appellants.

*J. E. Lamb, J. T. Beasley* and *B. V. Marshall,* for appellees.

COMSTOCK, J.—The complaint in this cause is in two paragraphs. It is in substance alleged that appellants, who were plaintiffs below, are the owners in fee simple of certain real estate (describing it) in the city of Terre Haute, Indiana; that on the 10th day of December, 1881, they executed an instrument purporting to be a trust deed conveying said land to Erwin S. Erney, trustee, and expressing the trust in the following terms, to wit: "For the uses and in trust as follows, to wit: That he will sell, convey, and dispose of said real estate at the highest price obtainable therefor, and pay over and apply the proceeds thereof on the liabilities of said Newton Rogers, as treasurer of Vigo county, Indiana, and for the relief of the sureties of said Newton Rogers on his official bond or bonds as such treasurer." That said instrument was executed solely as surety for the debts of said Newton Rogers, and without any consideration whatever to the plaintiff, Mary J. Rogers; that no part of the consideration came to her or was used for her or for the benefit of her estate; that at the time of executing said instrument the plaintiffs were the owners of said land in fee simple as tenants by entireties, and said Mary J. Rogers was and still continues to be the wife of said Newton Rogers; that the defendants are unlawfully in possession of said land and are unlawfully and forcibly excluding plaintiffs therefrom under and by virtue of the execution of said trust deed by plaintiffs to said Erney, to the damage of plaintiffs of $1,000. They ask for the immediate possession of said property and that their title thereto be quieted, $1,000 damages for the detention thereof, and all other proper relief. The trial court sustained a demurrer for want of facts to said complaint. Appellants refusing to plead further, judgment was rendered for costs in favor of appellees. From that judgment appellants appeal and assign as error the action of the court in sustaining the demurrer to each paragraph of the complaint.

Section 6964 Burns 1894, §5119 R. S. 1881, provides

that "A married woman shall not enter into any contract of suretyship, whether as indorser, guarantor, or in any other manner; and such contract, as to her, shall be void." This statute has been often construed by our Supreme Court. That tribunal has, in effect, held that "whenever the result of a transaction is such as to impose upon the wife's property a liability to answer for the debts of another, she must be regarded as surety and entitled to the protection of the statute." It is settled in this State that under the statute of 1881, §6964 (5119), *supra,* a mortgage by a married woman upon her separate real estate to secure a debt of her husband or other person may be defeated by her in a suit on the mortgage unless her conduct has been such as to make an equitable estoppel against her. It has also been held that land held by married women as tenants by entireties is within the protection of the statute. *Stewart* v. *Babbs,* 120 Ind. 568; *State, ex rel.,* v. *Kennett,* 114 Ind. 160; *Crooks* v. *Kennett,* 111 Ind. 347; *Wilson* v. *Logue,* 131 Ind. 191, 31 Am. St. 426; *Dodge* v. *Kinzy,* 101 Ind. 102. And that a mortgage executed by husband and wife upon real estate so held to secure the debt of another is invalid both as to the husband and wife. *Crooks* v. *Kennett, supra; McCormick, etc., Co.* v. *Scovell,* 111 Ind. 551. That a married woman is not liable on her contract of suretyship in this State is not therefore an open question. In this case it is not questioned.

Counsel for appellant contend that the trust deed is a contract of suretyship, and is within the inhibition of the statute; that the trust deed possesses all the characteristics of and was in effect a mortgage. Counsel for appellee argue that the instrument in question was an unconditional deed of trust, and that the deed of the trustee conveyed a good title to the appellees, notwithstanding the fact that the money obtained was used in paying the debts of the husband.

Mortgages and deeds of trust have certain characteristics in common, but they are distinguishable. In 1 Jones on Mortgages (5th ed.) §62, the author says: "There is a well

settled distinction between a deed of trust and a deed of trust in the nature of a mortgage; the one being for the trust purposes unconditional and indefeasible, while the other is conditioned and defeasible, in the same way that a mortgage is."

In *Hoffman* v. *Mackall,* 5 Ohio St. 124, 131, the court say that a deed of trust in the nature of a mortgage is a conveyance in trust by way of security subject to a condition of defeasance or redeemable at any time before the sale of the property. By an absolute deed of trust, the grantor parts absolutely with the title which vests in the grantee unconditionally for the purpose of the trust. The latter is a conveyance to a trustee for the purpose of raising a fund to pay debts, while the former is a conveyance in trust for the purpose of securing a debt subject to a condition of defeasance.

In *Turpie* v. *Lowe,* 114 Ind. 37, at p. 48, the court, after quoting the syllabus of *Woodruff* v. *Robb,* 19 Ohio 212, sets out the following portion of the opinion: " 'Now, the difference between a conveyance to a trustee, for the purpose of raising a fund to pay debts, and the conveyance for the purpose of securing a debt in case of the default of the debtor, by a time limited, is very apparent. In the first case, the title is vested absolutely, by the conveyance itself, in the grantee, for the purpose of the trust. The intention of the grantor is to part absolutely with his title. In the latter case, if the grantor perform his legal obligation, according to its terms, he retains his property. His title is as perfect as if such conveyance had never been made. The one is a deed of trust, the other a mortgage.' " In the same opinion the court quotes from the opinion of *Hoffman* v. *Mackall, supra;* both cases are cited with approval; citing also 2 Perry on Trusts, §§602a, 602g, and *Shillaber* v. *Robinson,* 97 U. S. 68, 24 L. Ed. 967.

So far as we are advised of its terms by the record, the instrument under consideration is, judged by approved definitions, an absolute deed of trust for the purpose named.

Presumably appellees are in possession as purchasers by virtue of and in pursuance of the execution of the power given to the trustee.

That husband and wife can convey real estate of which they are seized as tenants by entireties can not be denied; nor that they can make such disposition of the proceeds as they may see fit. Had the land in question been sold and conveyed by appellants to a third party, it can not be doubted but that they, or either of them with the consent of the other, might have applied the proceeds to the payment of the husband's debts, or might have given it away, and thus passed a good title thereto. If this could have been done without the intervention of a trustee, we see no reason why it could not have been done by their trustee. "The purchasers of land under powers take under the deed in which the powers are created; it is as if the purchaser's name was inserted in the deed." 2 Perry on Trusts (5th ed.) bottom p. 178. "In all cases the legal title is in the trustee under the trust deed if the deed purports to convey the title; such a title, however, is defeasible upon the performance by the grantor of the obligations undertaken by him. The performance of the conditions of the deed on the part of the grantor, or tender of performance before the sale, will defeat the power of sale in a mortgage or deed of trust." 2 Perry on Trusts, §602.

As claimed by counsel for appellants, the purchasers took with notice of the purpose of the trust that the lands were to be sold to pay the debts of the husband. If the trust was faithfully discharged, its object was accomplished and its execution binding. The right of a wife to alienate her lands by joining in the grant with her husband is absolute; and as the proceeds are her separate property, she may apply them to the payment of her husband's debts, or to any other use. It follows that she may, her husband joining in the conveyance, convey an estate held with him by entireties, and, with his consent, make a like disposition of the proceeds.

If the instrument be held to be a mortgage, or a trust deed in the nature of a mortgage, the property being sold thereunder pursuant to the power it gave, in the absence of fraud, the rights of the grantors were terminated. The mortgage of a married woman to secure the payment of the debt of another is not void, but voidable, and the defense of coverture is lost when it is not set up in the case of a mortgage before the decree or order of sale is made, and before the sale in the case of a trust deed. *Tuthill* v. *Tracy,* 31 N. Y. 157. See, also, the recent case of *Maynard* v. *Waidlich,* 156 Ind. 562. By §3407 Burns 1894, every power beneficial or in trust is irrevocable unless an authority to revoke is named in the instrument creating the same.

From *Turner* v. *Johnson,* 10 Ohio 204, 208, we quote the following: "In *Eaton* v. *Whiting,* 3 Pick. 484, it was holden by the supreme court of Massachusetts, that while the power to sell, in a mortgage, was unexecuted, there was a right to redeem, and it remained in the mortgagor, until sale of the land, in pursuance of the power, to a person intending to take an irredeemable estate. In 14 Peters 19, it is said in the case of a trust deed, 'that unless there is some extrinsic matter of equity, the only right of the grantor is to what surplus money may remain, after the liquidation of the debt, for which the property was sold.'"

No fraud or irregularity is charged in the discharge of the trust; the sale was made presumably in all respects pursuant to the power.

Ability, not inability, is the rule as to the capacity of married women to enter into contracts. In *Nichol* v. *Hays,* 20 Ind. App. 369, this court decided that if a married woman, her husband joining her, conveys her separate real estate by deed of general warranty in payment of her husband's debt to the grantee, who accepts, she is liable on the warranty for failure of title.

But whether the instrument be considered an uncondi-

tional trust deed or a trust deed in the nature of a mortgage, the purpose of the instrument having been carried out and the trust executed, the attempt after years of acquiescence to have the property restored to appellants is made too late. Appellants ask that that should be undone which was done pursuant to their direction. As disability is the exception to the capacity of married women to contract the facts should clearly show the party seeking relief to be within the exception.

Judgment affirmed.