■ In the Matter of the Estate of CLARA R. KEYWORTH, Deceased. EVELYN HAVENS, Individually and as Executrix of WILLIAM H. KEYWORTH, Deceased, et al., Appellants, RUTH W. DAVIS, Individually and as Executrix of CLARA R. KEYWORTH, Deceased, et al., Respondents.— Appeal from a decree of the Surrogate's Court, Washington County, holding that the entire proceeds of a certain land contract belong to decedent's estate. In February, 1952, William H. Keyworth and his wife Clara, the decedent herein, contracted to sell for the sum of $5,750 certain real property held by them as tenants by the entirety. Under the terms of the contract the vendors were not to furnish a deed until the unpaid balance was reduced to $3,000. On May 18, 1952 William H. Keyworth died leaving all of his residuary estate to his wife for life, remainder over to his daughter by a previous marriage. Four days after William's death Clara died

intestate, and letters of administration were issued to one Ruth Davis, her daughter by a previous marriage. Mrs. Davis collected all payments on the land contract contending that they were the property of the estate of Clara R. Keyworth. Appellants urge that upon execution of the contract of sale an equitable conversion took place, and as a result the estate of William H. Keyworth is entitled, as tenant in common, to one half of the proceeds under the land contract. We cannot agree. In *Matter of Maguire* (251 App. Div. 337, affd. 277 N. Y. 527), a case factually analogous to the present case, the court stated (pp. 338–339) : " While it is the general rule that an equitable conversion results from the making of a contract for the sale of realty, the rule does not obtain under the circumstances disclosed by this record. This becomes clear when we consider the purpose of the doctrine of equitable conversion and the nature of a tenancy by the entirety. Equitable conversion is not a fixed rule of law but a mere fiction of equity designed to effectuate the obvious intention of the parties and to promote justice. It rests ' on the presumed intention of the owner of the property and on the maxim that equity regards as done what ought to be done.' (*Rockland-Rockport Lime Co.* v. *Leary,* 203 N. Y. 469, 480.) The conversion, if any, takes place only when it is the duty of the contracting party to act. In the instant case the act to be done was the execution and delivery of the deed on April 1, 1929. In an estate by the entirety the husband and wife are each seized of the entire estate, *per tout et non per my.* Each owns, not an undivided part, but the whole estate. ' The survivor, upon the death of the other, does not take a new acquisition, but holds under the original grant or devise, the estate being merely freed from participation by the other. There is no succession in or transfer of title.' (*Matter of Klatzl,* 216 N. Y. 83, 91 [dissenting opinion].) To the same effect are *Hiles* v. *Fisher* (144 N. Y. 306) ; *Bertles* v. *Nunan* (92 *id.* 152) ; *Armondi* v. *Dunham* (221 App. Div. 679; affd. 248 N. Y. 603). When Mary died before the time fixed for the delivery of the deed, her interest in the property died with her. The duty imposed upon her by the contract to execute and deliver the deed likewise died with her. Upon her death John became the sole owner, not because he succeeded to any interest Mary had — that was extinguished upon her death — but by reason of the original grant to him and Mary as tenants by the entirety. Therefore, there is neither reason nor necessity for resorting to the doctrine of equitable conversion. To invoke it would not only ignore the intention of the parties at the time they acquired the property but destroy the legal rights of the survivor inherent in a tenancy by the entirety." We can find no indication that an equitable conversion was intended here, and thus *Maguire* is dispositive. (See, also, *McArthur* v. *Weaver,* 129 App. Div. 743; *Matter of De Witt,* 202 Misc. 167.) *Matter of Blumenthal* (236 N. Y. 448) relied on by appellants involved a contract which was not executory as here or in *Maguire* and is therefore inapposite. Furthermore, even if we were to hold that an equitable conversion took place, the result in the present case would be unchanged. Where an equitable conversion occurs a tenancy in common in the contract price results as a matter of law only if there is no evidence to rebut the presumption of section 66 of the Real Property Law. We concur with the court below that the record here indicates an intention to retain the right of survivorship. Decree affirmed, with costs to respondents. Present — Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ.