STATE OF INDIANA, INDIANA DEPARTMENT OF STATE REVENUE, INHERITANCE TAX DIVISION *v.* ESTATE OF WEINSTEIN.

[No. 20,450. Filed July 20, 1967. Rehearing denied with opinion September 29, 1967. Transfer denied December 15, 1967.]

*John J. Dillon,* Attorney General, and *Richard L. Huff,* Deputy Attorney General, for appellant.

*Donald G. Sutherland* and *Ice Miller Donadio & Ryan,* both of Indianapolis, for appellee.

BIERLY, J.—This action was commenced in the court below by appellant, filing a petition for reappraisement and redetermination of the value of the estate and the amount of inheritance tax due on appellee's estate.

The factual situation is not contested, and can briefly be stated thus:

Decedent and his spouse had acquired title to twenty-three [23] parcels of real estate as tenants by the entireties. Prior to decedent's death, decedent and his spouse entered into various Conditional Sales Contracts for the sale of said real estate.

Prior to the time that the entire purchase prices had been paid on these contracts, the decedent passed away, leaving his spouse surviving him.

The issue that is presented for our determination is whether or not the interest in the remaining unpaid portion of the purchase prices under these Conditional Sales Contracts is taxable under the Indiana inheritance tax statutes.

In order that we may answer this issue it first becomes necessary to determine the nature of the property rights held by the decedent's spouse. In so doing, we need go no further than Burns' Anno. Stat. § 56-903 (1961 Replacement), which provides that:

> "Whenever a husband and wife shall execute a title bond or contract for the conveyance of real estate owned by them as tenants by the entireties, and one of said spouses shall die during the continuance of said marital relationship and prior to the time the whole of the agreed purchase price shall have been paid, the interest of the deceased spouse in the unpaid portion of said purchase price shall pass to the surviving spouse in

the same right as his or her rights of survivorship in real estate held as tenants by the entireties."

Thus, it is clear that the proceeds were held and owned by the survivor by virtue of the statute creating tenants by the entireties. It appears that the above quoted statute, and also Burns' Anno. Stat. § 56-901 (1961 Replacement), were passed with the intention of nullifying that part of the decision in the case of *Koehring* v. *Bowman* (1924), 194 Ind. 433, 142 N. E. 117, which held that an option to purchase real estate in the names of husband and wife made them tenants in common.[1]

Under the legal fiction of entireties, the husband and wife do not hold the property by *moieties,* but by the entireties. Thus:

> "Upon the death of either, during coverture, the survivor does not take by the *jus accrescendi* of joint tenants, but continues to hold the whole by virtue of the original estate." *Fogleman* v. *Shively, et al,* (1891) 4 Ind. App. 197, 30 N. E. 909.

In the recent New York decision of *Keyworth's Estate* v. *Davis* (1963), 241 N.Y.S. 2d 616, 19 A.D. 2d 688, wherein the court quoted approvingly from the case of *In Matter of Maguire,* 251 App. Div. 337, 296 N.Y.S. 528, 531, aff'd. w/out opinion, 277 N. Y. 527, 13 N. E. 2d 458, the status of tenants by the entireties was eloquently enunciated, as follows:

> " 'In an estate by the entirety the husband and wife are each seized of the entire estate, *per tout et non per my*.[2] Each owns, not an undivided part, but the whole estate. 'The survivor, upon the death of the other, does not take a new acquisition, but holds under the original grant or devise, the estate being merely freed from participation by the other. There is no succession in or transfer of title.' ' "

---

1. See: *Creation of Joint Rights Between Husband and Wife in Personal Property* by R. Bruce Townsend, Vol. 52, Michigan Law Review, 1954; p. 802.

2. *per tout et non per my.* (Fr.) "By the whole and not by the moiety. Where an estate in fee is given to a man and his wife, they cannot take the estate by moieties, but both are seized of the entirety *per tout et non per my.* 2 Bl. Comm. 182." Blacks Law Dictionary, Fourth Edition.

As a result of these unique characteristics, there is no transfer upon the death of one of the spouses. The survivor takes a fee, but takes from the original grant, receiving no more or no less than on the day of the grant.

Under the Indiana inheritance tax statutes, more particularly, Burns' Anno. Stat. § 7-2401 (1953 Replacement), we quote the following: "A tax is hereby imposed . . . upon all *transfers* . . . of the following property. . . ." (Emphasis Supplied)

It can readily be seen that there must first be a "transfer" before an inheritance tax may be levied.

Under the definitions section of the Act (§ 7-2433) the word "transfer" is said to mean,

". . . the passing of property or any interest therein in possession or enjoyment, present or future by inheritance, descent, devise, bequest, grant, bargain, sale or gift, in the manner herein described or the exercise of the right of survivorship in the cases of joint ownership."

However, in certain circumstances, this statute provided that certain occurrences are considered as taxable transfers, but only for inheritance tax purposes.

Section 7-2401, *supra,* further provides:

"Whenever property is held in the joint names of two [2] or more persons or is deposited in banks, or other institutions or depositories in the joint names of two [2] or more persons and payable to either or the survivor, upon the death of one [1] of such persons, the exercise of the right of the surviving person or persons to the immediate ownership or possession and enjoyment of such property *shall be deemed a transfer taxable* under the provisions of this act [§§ 7-2401—7-2442] in the same manner as though the whole property to which such transfer relates belonged absolutely to the deceased joint owner or joint depositor and had been devised or bequeathed to the surviving person or persons, by such deceased joint owner or joint depositor by will, excepting therefrom such part thereof as may be proved by the surviving joint owner or joint owners to have originally belonged to him or them and never to

have belonged to the decedent: Provided, however, That property jointly held shall not be taken to include real estate held by the entireties." (Emphasis supplied)

From an examination of the above authorities it can be clearly deduced that property held by the entireties in the case at bar was not deemed a taxable transfer under the Inheritance Tax Act.

In lieu of our conclusion that there was no transfer of property, in the case at bar, there can be no levy for inheritance tax purposes, regardless of the form in which the property exists.

We are of the opinion that the rule or doctrine of equitable conversion has no applicability in the case at bar, hence any discussion of the same would be superfluous and add nothing to this opinion.

We are of the opinion that the judgment of the Probate Court of Marion County should be affirmed.

Judgment affirmed.

Pfaff, C.J., Cook and Smith, JJ., concur.

NOTE.—Reported in 228 N. E. 2d 23.