MOORE ET AL. *v.* LIVINGSTON ET AL.

[No. 1069A188. Filed December 29, 1970.]

*Lynn O'Neill*, of Logansport, *Albert W. Ewbank*, and *John S. Grimes*, of counsel, of Indianapolis, for appellants.

*Robert S. Justice*, of Logansport, for appellees; Robert S. Williamson, Jr., Esther Rudicel, Elanor Koon and Samuel D. Williamson.

SULLIVAN, J.—Following a hearing upon a petition to determine heirship the trial court in essence determined that certain Indiana farmlands were equitably converted into personalty by an Illinois resident's last will and testament, and that the proceeds from sale of the lands were thus distributable according to the law of the testator's domicile.

Arthur Yantis, who resided in Illinois at the time of his death December 18, 1964, executed his last will and testament in Indiana on February 25, 1954. According to the provisions of the will, Mr. Yantis ordered and directed his debts be paid as soon after his death as possible, appointed co-executors and alternate executors, and specifically devised and bequeathed a dwelling house and its contents to his stepmother's niece. He also provided for disposition of the residue of his estate as follows:

> "I order, direct and empower my Executor hereinafter named, to sell all the residue of my estate, both real and personal, without sacrifice, without any order of the Court, and without notices or other formality. I vest my said Executor with full power and authority to execute all proper deeds of conveyance necessary to convey title to the purchaser or purchasers of such real estate as effectively as could I if living.
>
> "The proceeds obtained from the sale of such property, real and personal, I give and bequeath to my heirs at law and in the proportions as provided by law."

Two days after the testator's demise, the will was admitted to probate in Cass County, Indiana. Letters testamentary were issued to Leland Smith, as executor, on December 28, 1964. On November 18, 1966, Mr. Smith filed a petition to determine heirship and to determine the proportions in the estate to which each heir was entitled. Answers to the petition were filed by the heirs closest to the deceased—six maternal first cousins and four children of deceased paternal first cousins. Proper notice, with personal service or service by mail, was given to all known heirs advising of the pending hearing. Upon consideration of oral argument and the briefs of counsel, the trial court held that distribution to the "heirs at law" should be made pursuant to the law of Illinois.[1] The appellants subsequently filed a motion for new trial alleging the findings and decision of the trial court were not sustained by sufficient evidence and were contrary to law.

On appeal from denial of their motion for new trial the appellants argue there was no evidence of record upon which the court could enter a finding since only the pleadings were

---

1. The Illinois statute controlling at the time of testator's death provided:

"Sixth, when there is no surviving spouse, descendant, parent, brother, sister, or descendant of a brother or sister of the decedent, but a grandparent or descendant of a grandparent of the decedent: (a) one-half of the entire estate to the decedent's maternal grandparents in equal parts or to the survivor of them, or when there is none surviving, to their descendants· per stirpes, and (b) one-half of the entire estate to the decedent's paternal grandparents in equal parts or to the survivor of them, or when there is none surviving, to their descendants per stirpes * * *" S.H.A. ch. 3, § 11.

In contrast, the Indiana law then in existence and argued as controlling by appellants here, was as follows:

"(6) If there is no surviving issue, or parent, or issue of a parent, or grandparent of the intestate, then to the issue of deceased grandparents in the nearest degree of kinship to the intestate per capita without representation. The degree of kinship shall be computed according to the rules of the civil law; that is, by counting upward from the intestate to the nearest grandparent and then downward to the relative, the degree of kinship being the sum of these two [2] counts." Ind. Ann. Stat. § 6-201 (Burns' 1953 Repl.).

It is readily apparent, therefore, that under Illinois law, second cousins share in the residue of testator's estate here, while under Indiana law, only first cousins, i.e., those in the nearest degree of kinship, would share. *Todd* v. *Ehresman* (1961), 132 Ind. App. 440, 175 N.E. 2d 425.

before the court. Because all of the appellants were determind to be heirs of the deceased we must assume that their charge is addressed to the trial court's determination of their respective portions of the estate. The trial court's declaration in that regard, however, was simply a matter of determining the applicable law and was not dependent upon the evidence.

## CONSTRUCTION OF WILL INCIDENTAL TO DETERMINATION OF HEIRSHIP IS NOT ERROR

The appellant further argues that it was error for the trial court to construe the will of the testator pursuant to a hearing to determine heirship. We do not find in the language of the will terms so ambiguous as to require application of construction principles. However, even if such ambiguities, are deemed to exist in the will, no error arises when the trial court construes the will in its attempt to determine heirship because:

> "* * * [I]f a construction of the will is necessary to the determination of an issue properly before the court, the court may construe the will in connection with the determination of such issue. * * *" Ind. Ann. Stat. § 6-605 (1953 Repl.)

We, therefore, address ourselves to the more substantive of appellants' arguments.

## VIABILITY OF DOCTRINE OF EQUITABLE CONVERSION IN INDIANA

Appellant's principal allegation of error, however, is that the doctrine of equitable conversion no longer exists in Indiana, and thus that its application here was contrary to law. The appellant argues that a careful reading of Ind. Ann. Stat. §§ 6-601(b) and 7-706(b), as they existed at testator's death and as found in Burns' (1953 Repl.), as well as a reading of *State of Indiana* v. *Estate of Weinstein* (1967), 141 Ind. App.

395, 228 N. E. 2d 23, leads to the inescapable conclusion that the life of that doctrine ceased on the effective date of the 1954 Probate Code.

The *Weinstein* case adds nothing to our understanding of the present status of the doctrine because that case holds only that the doctrine of equitable conversion is inapplicable in a determination as to whether a transfer took place where a contract for sale of realty held by entireties was incomplete at the time of the husband's death. Ind. Ann. Stat. § 6-601(b), (Burns' 1953 Repl.), merely states that the will passes the whole interest of the testator in realty devised. Ind. Ann. Stat. § 7-706(b) (Burns' 1953 Repl.), provides as follows:

> "In all cases of a sale of real property by a personal representative, *upon order of the court* the surplus of the proceeds of such sale remaining on the final settlement of the account shall be considered as real property and disposed of among the persons and in the same proportions as the real property would have been if it had not been sold." (Emphasis supplied)

The emphasized portion of § 7-706(b) indicates that the section is operable only when the sale is made "upon order of the court.[2] We, therefore, reject appellants' contention in this regard.

In contrast to the statutory duty of the executor to sell the testator's realty, if necessary, to satisfy debts of the estate, is the equally compelling duty of the executor to carry to fruition the clear intent of the testator as to disposal of his

---

2. As stated by the Indiana Probate Code Study Committee in its Comments, Section 7-706(b) follows Wis. Stat. (1943), Sec. 316.43. The phraseology of the latter statute is more lucid with reference to its application solely to real estate sales pursuant to court order. It reads as follows:

> "In all cases of a sale by an executor or administrator of real estate under a license granted by any county court, the surplus of the proceeds of the sale remaining on the final settlement of the accounts shall be considered as real estate and disposed of among the persons and in the same proportions as the real estate would have been if it had not been sold."

The Wisconsin statute thus gives proper dimension to its Indiana counterpart.

worldly possessions and holdings. The former duty must be in strict conformance to the law, the latter duty also is one of law but one which is enhanced by principles of equity. It is the latter duty with which we are here concerned.

That the doctrine of equitable conversion is as viable today as before the 1954 Probate Code became effective seems without serious challenge. As the leading Indiana authority on the law of probate concludes:

"Indiana now holds that under the doctrine of equitable conversion a direction in a will to the executor to sell realty converts such realty into personalty for purpose of descent and distribution. Hence the lex domicilium not the lex situ governs as to descent. * * *" 1 *Henry's Probate Law*, ch. 11, § 8, (1970 Supp.)

## PREREQUISITES TO THE APPLICATION OF THE DOCTRINE OF EQUITABLE CONVERSION

To constitute an equitable conversion of realty devised by will into personalty, the intent that such conversion is to take place at the time of the death of the testator must be shown by the will. 5A *Thompson on Real Property* § 2631. It seems clear that the necessary intent must be manifested by a direction in the will that the conversion take place. As this court said in *Nelson* v. *Nelson* (1905), 36 Ind. App. 331, 336, 75 N. E. 679:

"It is the direction of the testator that the conversion shall be made which supports the fiction, and not the actual change of the property into money * * *"

A mere declaration in the will that land is to be converted is not sufficient to invoke the principle. *Comer* v. *Light* (1911), 175 Ind. 367, 93 N. E. 660. There must be an adequate expression of an absolute intention that land be converted into money. *Walling* v. *Scott* (1911), 50 Ind. App. 23, 96 N. E. 481. Thus, a grant of absolute power to sell lands, together with an express direction that lands be sold and the proceeds distributed, as here, is a sufficient state-

ment of intent to work an equitable conversion. *Rumsey* v. *Durham* (1854), 5 Ind. 71; *Duckwall* v. *Lease* (1939), 106 Ind. App. 664, 20 N. E. 2d 204.

In this case the terms of the will mandate application of the doctrine. The executor was given a direction to sell the estate which was much superior to a mere power. Whether to sell was not within the discretion of the executor; he was "directed and ordered" to sell the total residue—both realty and personalty—without sacrifice and to convey good title. The proceeds were to be distributed to the heirs at law.

## INTERESTS OF BENEFICIARIES FIXED AT TIME OF CONVERSION

As to the actual time of conversion in such cases one authority on wills has stated:

> "Where a will contains a direction to convert, in terms so positive as to effect a conversion, and no time is fixed at which such conversion shall take effect, the general rule is that the property is to be regarded as converted from the death of testator. * * * If the sale is mandatory, but discretion is given as to the time of the sale, it is usually held that conversion dates from the death of the testator." 5 *Page on Wills* 591, § 46.10 (1962 ed.)

The moment of conversion finds its significance in fixing the interests of the beneficiaries under the will. As was stated in *Walling* v. *Scott, supra,* at p. 26,

> "[The interests of the beneficiaries, which became vested] at the time of the testator's death, attached as personalty for one claiming property under a will must take it in the character impressed upon it by that instrument. The beneficiaries here are not entitled under the will to the land itself, but to the proceeds of the land, and their interest is not an interest in real estate, but an interest in the proceeds of real esate, which by virtue of equitable conversion assumes the character of personal property and maintains that character until actual conversion* * *"

The interests of the appellants here thus became those of beneficiaries to residual personalty. Accordingly, their portions of the proceeds are properly distributable under the law of Illinois, the law of the domicile.

Although the appellants attempt to thrust into their argument the doctrine of worthier title, we find no applicability of it to the issues and we are content to have our views upon the controlling issues remain free from extraneous considerations.

Affirmed.

Lowdermilk, C.J., Carson and Lybrook, JJ., concur.

NOTE.—Reported in 265 N. E. 2d 251.