WERONIKA ANUSZKIEWICZ *v.* ROMAN ANUSZKIEWICZ AND ZOFIA ANUSZKIEWICZ, HIS WIFE.

[No. 3-676A146. Filed February 23, 1977.]

*Martin A. Karr,* of East Chicago, for appellant.

*Callahan & Rybicki,* of East Chicago, for appellees.

HOFFMAN, J.—Plaintiff-appellant Weronika Anuszkiewicz commenced this action against defendants-appellees Roman

Anuszkiewicz and Zofia Anuszkiewicz to recover proceeds from the sale of real estate formerly held by Weronika with her husband in a tenancy by the entireties. After a trial to the court on facts stipulated by the parties, judgment was entered for Roman and his wife Zofia. The sole issue raised on appeal concerns whether the proceeds of a sale of entirety property must accrue to the wife upon her husband's death even though he had deposited a portion of them in a joint bank account with his son.

The parties hereto having submitted a verified statement of facts are mutually bound by their stipulation. However, we view only the pertinent portions, and these, in a light favorable to the trial court's determination, thus not construing as admitted facts obviously intended to be in controversy. *Faught* v. *State* (1974), 162 Ind. App. 436, 319 N.E.2d 843.

The statement of facts, in pertinent part, is as follows:

"VERIFIED STATEMENT OF FACTS

"1. The plaintiff herein, Weronika Anuszkiewicz, and one Kazmierz (sic) Anuszkiewicz were duly married on July 5, 1948, in England.

\* \* \*

"4. That on September 26, 1959, the said plaintiff herein, Weronika Anuszkiewicz, and her husband, Kazmierz (sic) Anuszkiewicz, did, as husband and wife and as tenants by the entireties, acquire the following described real estate in the City of East Chicago, Lake County, Indiana, to-wit:

Lot 35, except the North 9 feet thereof, in Block 16, in Calumet Addition to East Chicago, as per plat thereof, recorded in Plat Book 8, page 32, in the Office of the Recorder of Lake County, Indiana,

said real estate more commonly known as 4760 Parrish Avenue in said city, county and state.

"5. That on or about January 17, 1972, the said plaintiff herein and her said husband, Kazmierz (sic) Anuszkiewicz, did sell the above described real estate to the defendants herein, Roman Anuszkiewicz and Zofia Anuszkiewicz, husband and wife, for the sum of $40,000.00.

"6. The terms of the sale of said real estate were as follows, to-wit:
   a) The sum of $20,000.00 upon the execution of the Warranty Deed (January 17, 1972), and, which amount was paid to plaintiff, herein.
   b) The balance of the purchase price to be payable over a three (3) year period in equal installments and as evidenced by a promissory note to that effect. (Correction as appears in original.)

"7. That the defendants herein did, and prior to the maturity date of the said promissory note, pay the balance of the said purchase price of $19,148.00 (discounting from the said balance sum of $20,000.00 an $852.00 credit for pro-ration of taxes and other items credited to purchasers) on the 4th day of April, 1972.

"8. That the said balance of the said purchase price in the sum of $19,000.00 was deposited to a Certificate of Deposit #SCE 4656 in the Peoples Federal Savings and Loan Association in East Chicago, Indiana, and which account was in the joint names of Kazimierz Anuszkiewicz and Roman Anuszkiewicz, one of the defendants herein.

"9. That plaintiff's husband, Kazimierz Anuszkiewicz, died on September 7, 1972, while on a visit to Poland in Europe, and that the balance of the purchase price paid by the defendants herein for the purchase of the said real estate which was held by a tenancy by the entireties between plaintiff herein and the said Kazimierz Anuszkiewicz was still in existance (sic) and had not been dissipated, divided, disbursed or disposed of prior to or at the time of the death of the said Kazimierz Anuszkiewicz, plaintiff's husband.

"10. That on October 10, 1972, and subsequent to the death of the said Kazimierz Anuszkiewicz, the defendant herein, Roman Anuszkiewicz, did withdraw the said money from the said Certificate of Deposit Account #SCE 4656, and redeposited the said undisposed of purchase price balance money into a new Certificate of Deposit Account in the said Peoples Federal Savings and Loan Association of East Chicago, Indiana, under a Certificate of Deposit Account No. SCE 4846, in the joint names of Jerzy Anuszkiewicz or Roman Anuszkiewicz, and which account is still intact, undissipated or undisposed of and still contains the balance of the purchase price for said real estate.

* * *

"12. That pursuant to his father's request, by letter from Poland, prior to his father's death, the said defendant herein did transfer the Certificate of Deposit Account to his name and the name of his brother, Jerzy Anuszkiewicz, who is a resident of Poland and which said both accounts consisted of the balance of the purchase price for the said real estate described in plaintiff's complaint."

As a general matter, property held by the entireties creates an estate owned by the husband and wife as one unit. Each is seized of the whole estate rather than an individual portion, so that upon the death of one, the survivor holds under the original grant. Accordingly no transfer of the property occurs between the spouses by survivorship. *St. of Ind., Ind. Dept. of Rev.* v. *Est. of Weinstein* (1967), 141 Ind. App. 395, 228 N.E.2d 23, *rehearing denied,* 141 Ind. App. 399, 229 N.E.2d 741 (transfer denied); *Vonville* v. *Dexter* (1948), 118 Ind. App. 187, 76 N.E.2d 856 (transfer denied). Such form of ownership has been recognized and supported for its essential characteristic of promoting marital security by restricting a third party's ability to diminish the entirety property through an execution or settlement against it. *Mercer* v. *Coomler* (1903), 32 Ind. App. 533, 69 N.E. 202 (transfer denied). Nevertheless this attribute is not intended to unduly restrict the alienation of entirety property under appropriate circumstances. Once a husband and wife have joined as grantors in the sale of real estate, the proceeds may be expended or kept in accordance with their mutual wishes. *Rogers* v. *Shewmaker* (1901), 27 Ind. App. 631, 60 N.E. 462 (transfer denied).

It is in this context that we consider the case at bar. Plaintiff-appellant Weronika Anuszkiewicz asserts that since the proceeds of the property were still in existence and not dissipated prior to the death of her husband, she was their rightful owner. For support appellant relies on IC 1971, 32-4-3-1 (Burns Code Ed.), which states:

"Husband and wife—Contracts to sell—Rights of survivor.—Whenever a husband and wife shall execute a title

bond or contract for the conveyance of real estate owned by them as tenants by the entireties, and one of said spouses shall die during the continuance of said marital relationship and prior to the time the whole of the agreed purchase price shall have been paid, the interest of the deceased spouse in the unpaid portion of said purchase price shall pass to the surviving spouse in the same right as his or her rights of survivorship in real estate held as tenants by the entireties."

The facts herein disclose that the balance of the purchase price had been paid on April 4, 1972, to the father. Since the foregoing specifically preserves for the spouse only the unpaid portion of the purchase price as entirety property, appellant's reliance is misplaced.

Appellant attempts to draw further support for her position from *Whitlock* v. *Public Service Co. of Ind. Inc.* (1959), 239 Ind. 680, 159 N.E.2d 280. *Whitlock* is said to embody a spouse's right to take by survivorship the proceeds from the sale of entirety property as long as they are readily identifiable as a separate *res*.

Such interpretation engrafts a rigid form onto the functional policy of favoring the survivor's immunity from a spouse's debts based on a previous ownership by the entireties. This misconstrues the fundamental holding in *Whitlock* that since the spouses consumed the proceeds of the sale severally the survivor was not liable for the whole when it was found the money had to be returned.

Thus, the circumstances herein disclose an analogous situation that after the balance of the purchase price for the property was paid by the son, it was deposited by the father before he died to a certificate of deposit in the joint names of Kazimierz and Roman Anuszkiewicz. Appellant's husband thereby changed the character of the proceeds from entirety property to personalty held in joint tenancy.

While it is true that there is some hesitancy to extend an estate by the entireties to personalty, we do not consider such

a distinction compelling in the present situation. *See, Abshire et al.* v. *The State, ex rel. Wilson et ux.* (1876), 53 Ind. 64; *Patton, Adm'r. et al.* v. *Rankin et al.* (1879), 68 Ind. 245. Rather our determination is based on the supposition that a spouse's actions in disposing of property during marriage are presumed to be consistent with the best interests of the marital unit. *Fogleman* v. *Shively et al.* (1892), 4 Ind. App. 197. *See generally,* 52 Mich. L. Rev. 779 (1954).

Thus, the relevant consideration involves the intent of the spouses regarding the holding and disposition of their property. *Rogers* v. *Shewmaker, supra. See also,* Annot., 49 A.L.R. 2d 521, 525 (1956).

In the case at bar no allegation of wrongdoing has been made. The plaintiff received the first half of the proceeds from the sale of the property held by the entireties. Her husband's decision to retain the second half of the proceeds in conjunction with his son apparently met with no objection. Absent a showing that a fraud was perpetrated upon the appellant, it must be presumed that she acquiesced in her husband's disposition of his portion of the proceeds before he died.

We therefore conclude that the proceeds from the sale of real estate held by the entireties only retain their character of survivorship when the marital partners so intend by appropriate action. While the equality and security of marriage fostered by such tenancy is deserving of protection from third-party interference, its promotion should not disrupt the marital unit, absent fraud, by encumbering the free disposition of proceeds from the sale of entirety property.

Accordingly the judgment of the trial court must be affirmed.

Affirmed.

Garrard, J., concurs; Staton, P.J., concurs in result with opinion.

## OPINION CONCURRING IN RESULT

STATON, P.J.—I concur in result. The third party beneficiary contract entered into by Kazimierz Anuszkiewicz and the bank could not be varied in the absence of fraud, undue influence, duress, or mistake. *In Re Estate of Fanning* (1974), 161 Ind. App. 380, 315 N.E.2d 718; (1975), 263 Ind. 414, 333 N.E.2d 80 *(opinion adopted by Indiana Supreme Court)*.

NOTE.—Reported at 360 N.E.2d 230.