STATE OF INDIANA, INDIANA DEPARTMENT OF STATE REVENUE, INHERITANCE TAX DIVISION v. UNION BANK AND TRUST COMPANY, ADMINISTRATOR OF THE ESTATE OF MOLLIE C. ARMAND, DECEASED

[No. 1-578A137. Filed October 2, 1978.]

---

3. I.C. (1971) § 9-4-4.5-1 through -6.

*Theodore L. Sendak*, Attorney General of Indiana, *Charles D. Rodgers*, Deputy Attorney General, for appellant.

*Ronald Beard*, of Greensburg, for appellee.

ROBERTSON, J.—Plaintiff-appellant State of Indiana Department of State Revenue, Inheritance Tax Division (State), appeals from a denial of its petition to reappraise the inheritance tax imposed on defendant-appellee Union Bank and Trust Company, Administrator of the Estate of Mollie C. Armand, deceased (Administrator).

The decedent and her husband owned certain tracts of land as tenants by the entireties. They conveyed a portion of the lands to their son and daughter-in-law (grantees) in January of 1962 and May of 1967, with a reservation of a life estate. The decedent's husband died in 1968, but, for some reason, his estate was never opened for probate. The decedent died in 1973, and the Administrator reported for inheritance tax appraisement one-half the value of the property that passed to the grantees upon her death. The State's sole contention on appeal is that the decedent's estate is responsible for the inheritance tax on the entire value of the property and that therefore the trial court erred in assessing only the value of a proportionate one-half of the lands conveyed.

The relevant portion of the Inheritance Tax Act in effect at the time of the decedent's death is IC 1971, 6-4-1-1 (Burns Code Ed.), which, in pertinent part, provides:

All transfers enumerated in this section shall be taxable ... if made by gift or grant intended to take effect in possession or enjoyment at or after the death of the transferor. . . .

The parties do not dispute, and we think the law is settled, that the conveyance of property subject to a life estate in an *individual* grantor is a transfer "intended to take effect in possession or enjoyment at or after the death of the transferor." *Indiana Department of State Revenue v. Mertz* (1949), 119 Ind.App. 601, 88 N.E.2d 917. Thus, the conveyance at issue comes within the purview of IC 6-4-1-1, *supra.* The focus of inquiry is, therefore, the proper allocation of the inheritance tax burden on such a conveyance when made by tenants by the entireties.[1]

The law in this State is clear that property held in a tenancy by the entireties is held by a single legal entity created by the fiction of the unity of husband and wife. *Anuszkiewicz v. Anuszkiewicz* (1977), 172 Ind.App. 279, 360 N.E.2d 230; *Heffner v. White* (1942), 113 Ind.App. 296, 45 N.E.2d 342. It is similarly well settled that one spouse cannot convey or encumber the property so held without the consent of the other. *Baker v. Cailor* (1933), 206 Ind. 440, 186 N.E. 769; *Sharpe v. Baker* (1911), 51 Ind.App. 547, 96 N.E. 627. Therefore, under the facts presented herein, the "transferor" was a single entity, and we believe it follows that "at or after the transferor's death" applies to the cessation of the ownership rights of both partners in the marital enterprise.

It cannot reasonably be said that one spouse intends the transfer to be effective upon his death when he lacks the power to complete the grant in the absence of consent by the other spouse. *Baker, supra; Sharp, supra.* Furthermore, we recently construed the above statute in *Matter of Estate of Bannon* (1977), 171 Ind.App.

---

1. We would probably reach a different result if the facts of this case brought it within the Simultaneous Death Act. IC 1971, 29-2-14-1 *et seq.*

610, 358 N.E.2d 215. In *Bannon*, we held that the imposition of the death tax will be governed by resolution of the question *"whether the decedent had an interest in the property which passed to the beneficiary upon his death." Id.*, at 217 (emphasis in original). Here, when the decedent's husband died, he had no interest which passed to the beneficiaries upon his death. In the absence of a demonstrable enlargement of the grantees' interest, therefore, no taxable transfer occurred.

Lastly, imposing the death tax on the decedent is consistent with the interest she holds in the property. We stated earlier that the genesis of the transfer was the marital unity. In a tenancy by the entireties, each spouse is seized of the whole. As such, the survivor's interest is not enlarged upon the death of one spouse because he "takes" from the *original grant. See State v. Estate of Weinstein* (1967), 141 Ind.App. 395, 228 N.E.2d 23; *Anuszkiewicz, supra.* Thus, the survivor's ownership encompasses the same estate which was the subject matter of the original grant.

Our conclusion is consistent with Inheritance Tax Regulation 2, § 2.5 of (6-4-1-1)-4 1970, which provides:

Whenever real estate which is held by the entireties is transferred, subject to joint and successive life estates in the grantors, without valuable and sufficient consideration in money or money's worth, such transfer will be taxed in the estate of the last grantor to die.

For all the above reasons, we reverse and remand for further proceedings consistent with the views stated herein.[2]

Lowdermilk and Young, JJ., concur.

NOTE — Reported at 380 N.E.2d 1279.

---

2.   We decline the Administrator's invitation to adopt the ruling in *Glaser v. United States*, 306 F.2d 57 (7th Cir. 1962). *Glaser* involved a federal estate tax statute that is not analogous to IC 6-4-1-1, *supra.* Furthermore, *Glaser* relies on federal decisions and their interpretation of that statute to conclude that in a transfer similar to the one involved here, each spouse is deemed to have transferred one-half of their interest in the property and hence liable to that extent for the federal tax. Such does not accord with Indiana law.