# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 15 2016, 6:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jonathan A. Leachman
Fifer Law Office
New Albany, Indiana

ATTORNEYS FOR APPELLEES

John A. Kraft
Katelyn M. Hines
New Albany, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jacqueline K. Durham, *Appellant-Plaintiff,* | November 15, 2016 |
| | Court of Appeals Case No. 88A05-1604-PL-902 |
| v. | Appeal from the Washington Circuit Court |
| Brandon D. Scott, Adam J. Scott, Raymond E. Decker, and Dianne J. Decker, *Appellee-Defendants.* | The Honorable Larry Medlock, Judge |
| | Trial Court Cause No. 88C01-1502-PL-63 |

**Riley, Judge.**

## STATEMENT OF THE CASE

In this interlocutory appeal, Appellant-Plaintiff, Jacqueline K. Durham (Durham), appeals the trial court's denial of her motion for judgment on the pleadings in her action for ejectment, eviction, quiet title, and replevin against Appellees-Defendants, Brandon D. Scott and Adam J. Scott (collectively, the Scotts) and Raymond E. Decker and Dianne J. Decker (collectively, the Deckers).

We affirm and remand.

## ISSUES

Durham raises one issue on interlocutory appeal, which we restate as follows: Whether the trial court erred in denying Durham's motion for judgment on the pleadings.

The Scotts and the Deckers raise three additional issues, which we consolidate and restate as follows: Whether Durham's pending petition for dissolution of marriage serves to prevent Durham from receiving her estranged spouse's share of certain property following his death.

## FACTS AND PROCEDURAL HISTORY

On February 6, 1998, Grand Land, Inc. conveyed to David A. Scott (David) and Durham, "as joint tenants with rights of survivorship and not as tenants in common," a parcel of real property located at 12353 East Casey Hallow Road in Pekin, Washington County, Indiana (the Property). (Appellant's App. p.

17). On February 12, 1998, the Warranty Deed conveying the Property was filed with the Washington County Recorder. Three months later, on May 31, 1998, David and Durham were married. The Scotts are David's sons from a prior marriage. In approximately 2010, David's mother and step-father—the Deckers—sold their house and constructed a new home on the Property. It appears that the Deckers entered into an arrangement with David and Durham providing that, in exchange for being able to construct their home on the Property for a nominal rental fee, the Deckers would bequeath their house to David and Durham. On August 30, 2013, Durham filed a petition to dissolve her fifteen-year marriage to David. On October 28, 2014, while the petition for dissolution remained pending, David died as the result of a motor vehicle accident.

[6] On February 5, 2015, Durham filed a Verified Complaint for Ejectment, Eviction, Quiet Title, and Replevin against the Scotts and the Deckers. In her Complaint, Durham states that she and David were married at the time of his death, and they had owned the Property as joint tenants with right of survivorship. As a result of David's death, Durham alleges that she now "is the owner in fee simple" of the Property. (Appellant's App. p. 13). Accordingly, Durham claims that she "is entitled to possession of the [Property,]" which the Scotts and the Deckers "are unlawfully occupying." (Appellant's App. p. 13). Durham further asserts that she is entitled to "full and complete right and title in the [Property]." (Appellant's App. p. 15). Finally, Durham alleges that the Scotts and the Deckers had "wrongfully taken" household goods, furnishings,

and other personal property to which she is legally entitled. (Appellant's App. p. 15). Accordingly, Durham seeks an order of ejection, eviction, quiet title, and replevin against the Scotts and the Deckers. She also requests, in part, recovery for the value of the Scotts' and the Deckers' occupation, withholding, and use of, as well as injury to, the Property.

[7] On April 30, 2015, the Scotts and the Deckers filed their Answer and Counterclaims. The Scotts and the Deckers agree with Durham's assertions that she and David held the Property as joint tenants with right of survivorship and that David died while Durham's petition for dissolution remained pending. Despite acknowledging that David and Durham were never divorced, the Scotts and the Deckers dispute Durham's statement that she and David were still "married" on David's date of death based on the fact that Durham had filed a petition for dissolution. (Appellant's App. p. 21). The Scotts and the Deckers deny that Durham is entitled to possession of and full title to the Property and further deny her allegations with respect to any personal property. Moreover, the Scotts and the Deckers filed multiple counterclaims. Based on their contention that the Deckers constructed a house on the Property pursuant to a contract with David in which the Deckers would pay $1.00 per year in rent and would bequeath the house to David and Durham, the Scotts and the Deckers claim that Durham's efforts to evict and eject constitute a breach of contract, a breach of lease and life estate, and/or an improper revocation of a gift. The Scotts and the Deckers further assert that Durham defrauded the Deckers by contracting to allow the Deckers to construct and live on the Property for the

rest of their lives and subsequently attempting to evict them, and they insist that Durham should be estopped from avoiding her contractual duty based on the Deckers' reliance on Durham's promise. In addition, the Scotts and the Deckers claim that David and Durham held the Property as tenants by the entirety, which was converted to a tenancy in common upon Durham's petition for dissolution, thereby eliminating Durham's right of survivorship. As such, the Scotts and the Deckers insist that they have an interest in the Property—the Scotts as heirs to David's estate and the Deckers as parties to a contract/life estate/irrevocable gift. Accordingly, the Scotts' and the Deckers' counterclaims seek orders for ejectment, quiet title, and partition of the Property based on their respective interests.

[8] On June 19, 2015, Durham filed her Answer to Counterclaims, denying the Scotts' and the Deckers' claims. Durham also asserts several affirmative defenses, including that the purported contract for the Deckers to reside in a house on the Property is not valid and is barred by the Statute of Frauds.

[9] On October 15, 2015, Durham filed a Motion for Judgment on the Pleadings pursuant to Indiana Trial Rule 12(C). On December 17, 2015, the trial court conducted a hearing. On December 23, 2015, the trial court issued its Entry on Hearing, concluding "[t]hat based upon the defenses of [the Scotts and the Deckers] and the counterclaims filed [in] this cause[,] the [c]ourt finds that it [is] inappropriate to find for [Durham] at this time solely on the pleadings." (Appellant's App. p. 10).

On January 18, 2016, Durham filed a motion to certify the trial court's Order for interlocutory appeal, which the trial court granted on April 12, 2016. On May 20, 2016, over the objection of the Scotts and the Deckers, our court accepted jurisdiction over the appeal. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Standard of Review*

Durham claims that the trial court erred in denying her motion for judgment on the pleadings. Indiana Trial Rule 12(C) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." A motion under Trial Rule 12(C) "attacks the legal sufficiency of the pleadings." *Milestone Contractors, L.P. v. Ind. Bell Tel. Co.*, 739 N.E.2d 174, 176 (Ind. Ct. App. 2000), *trans. dismissed*. We review a trial court's decision on a motion for judgment on the pleadings *de novo*. *Midwest Psychological Ctr., Inc. v. Ind. Dep't of Admin.*, 959 N.E.2d 896, 902 (Ind. Ct. App. 2011), *trans. denied*. "A judgment on the pleadings is proper only when there are no genuine issues of material fact and when the facts shown by the pleadings clearly establish that the non-moving party cannot in any way succeed under the facts and allegations therein." *Id.* On review, we will "deem the moving party to have admitted all facts well-pleaded and the untruth of [its] own allegations that have been denied." *Id.* (alteration in original). We will draw all reasonable inferences in favor of the non-moving party and against the moving party. *Id.*

## II. *Judgment on the Pleadings Versus Summary Judgment*

[12] As an initial matter, we address the contention of the Scotts and the Deckers that Durham's Motion for Judgment on the Pleadings was ruled upon as a motion for summary judgment. Indiana Trial Rule 12(C) provides that "[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in [Trial] Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." The Scotts and the Deckers direct our attention to their Response to Plaintiff's Motion for Judgment on the Pleadings, in which they argue that Durham committed adultery and abandonment, which would ostensibly prevent her from receiving any share of David's estate. Because these factual allegations are extraneous to the pleadings, and because Durham did not specifically request that these assertions be stricken from the record, the Scotts and the Deckers insist that the proper standard is Trial Rule 56 for a motion for summary judgment.

[13] We note that the Scotts and the Deckers do not allege any error on the part of the trial court for failing to treat Durham's motion for judgment on the pleadings as one for summary judgment. Rather, they simply assert that the trial court did, in fact, handle the matter as a summary judgment motion. We disagree. If a trial court "considers matters outside the pleadings, the motion is automatically converted into one for summary judgment and will be reviewed as such by the court on appeal." *Gregory and Appel, Inc. v. Duck*, 459 N.E.2d 46,

50 (Ind. Ct. App. 1984). In the present case, in its Entry on Hearing, the trial court specifically stated that its decision was based "solely on the pleadings." (Appellant's App. p. 10). Thus, the trial court clearly did not consider the extraneous matters and ruled on Durham's motion as a motion for judgment on the pleadings rather than as one for summary judgment.

### III. *Joint Tenancy*

Durham claims that she was entitled to a judgment on the pleadings because she became the sole owner of the Property immediately upon David's death. In particular, Durham asserts that she and David held the property as joint tenants with the right of survivorship, and, in their Answers, the Scotts and the Deckers agree with this statement of fact. Moreover, the Warranty Deed, which is part of Durham's Complaint, conveyed the Property to David and Durham "as joint tenants with rights of survivorship and not as tenants in common." (Appellant's App. p. 17). *See Perez v. Gilbert*, 586 N.E.2d 921, 924 (Ind. Ct. App. 1992) (noting that the intent to create a joint tenancy with a right of survivorship "must be declared expressly in the instrument or it must manifestly appear from the tenor of the instrument"). Long ago, our court stated that "[a]n estate in joint tenancy is an estate held by two or more tenants jointly, with an equal right in all to share in the enjoyment of the land during their lives. Upon the death of any one of the tenants, his share vests in the survivors." *Sharp v. Baker*, 96 N.E. 627, 628 (Ind. App. 1911). However, during his lifetime, a joint tenant "may sell or mortgage his or her interest in the property to a third party," thereby severing the joint tenancy and destroying the right of

survivorship. *Grathwohl v. Garrity*, 871 N.E.2d 297, 301 (Ind. Ct. App. 2007); *Morgan v. Catherwood*, 167 N.E. 618, 622 (Ind. App. 1929).

[15] Although the Scotts and the Deckers admit that David and Durham owned the Property as joint tenants with right of survivorship, they inconsistently assert in their counterclaim that David and Durham actually held the property as tenants by the entirety. A tenancy by the entirety is a special form of joint tenancy with a right of survivorship, which "can exist between only a husband and wife."[1] *Powell v. Estate of Powell*, 14 N.E.3d 46, 48, 50 (Ind. Ct. App. 2014). "[P]roperty held by the entireties creates an estate owned by the husband and wife as one unit." *Anuszkiewicz v. Anuszkiewicz*, 360 N.E.2d 230, 282 (Ind. Ct. App. 1977). Each spouse "is seized of the whole estate rather than an individual portion, so that upon the death of one, the survivor holds under the original grant. Accordingly, no transfer of the property occurs between the spouses by survivorship." *Id.* In a tenancy by the entirety, "neither spouse alone may do anything to destroy the tenancy, including transferring an interest without the other spouse's consent or ousting the other from possession." *Estate of Grund v. Grund*, 648 N.E.2d 1182, 1185 (Ind. Ct. App. 1995), *trans. denied*. "Absent consent of one of the spouses, only a severance of the marital relationship may destroy the tenancy by the entirety." *Id.*

---

[1] We note that the undisputed facts establish that David and Durham were not married at the time the Property was conveyed to them as joint tenants.

[16]    In general, unless a deed contains qualifying words to signify the type of tenancy, husband and wife take land conveyances as tenants by the entirety. *Wilken v. Young*, 41 N.E. 68, 69 (Ind. 1895). "A joint tenancy may be created to exist between husband and wife by the express terms or tenor of the deed of conveyance." *Id.* Thus, regardless of the marital relationship, it is the intent clearly set forth in the deed that must be given effect. *See id.* In the present case, the unambiguous language of the Warranty Deed establishes, as a matter of law, that David and Durham held the property as joint tenants with right of survivorship and not as tenants by the entirety.[2] *See Corn v. Corn*, 24 N.E.3d 987, 994 (Ind. Ct. App. 2015) (noting that the construction of a deed is a pure question of law), *trans. denied*. Thus, upon David's death, his share of the Property vested in Durham.

[17]    Nevertheless, there are matters that cannot be resolved based on the pleadings alone. As we already noted, a judgment on the pleadings is proper only if the pleadings alone "clearly establish that the non-moving party cannot in any way succeed under the facts and allegations therein." *Midwest Psychological Ctr., Inc.*, 959 N.E.2d at 902. Simply because the Property was conveyed to David and Durham as a joint tenancy with right of survivorship does not resolve whether the Scotts and the Deckers have any interest in the Property based on the various theories set forth in their counterclaims. Specifically, the Deckers have

---

[2] Because marital status has no bearing on a joint tenant's right of survivorship, we need not address the parties' lengthy arguments concerning the implications of Durham's pending petition for dissolution on her interest in the Property.

raised genuine issues of material fact regarding their purported lifetime right to possess the estate pursuant to a contract, life estate, or irrevocable gift. Moreover, there are questions of fact relating to Durham's assertion that the Scotts and the Deckers are in wrongful possession of items of personal property, which the Scotts and the Deckers have categorically denied. Based on the Pleadings alone, and taking all of the well-pleaded assertions as true, we cannot say that Durham's joint tenancy automatically entitles her to an order of ejectment, eviction, quiet title, and replevin.

## CONCLUSION

[18] Based on the foregoing, we conclude that the trial court properly denied Durham's Motion for Judgment on the Pleadings.

[19] Affirmed and remanded.

[20] Bailey, J. and Barnes, J. concur