**INDIANA DEPARTMENT OF STATE REVENUE, INHERITANCE TAX DIVISION, Petitioner-Appellant,**

v.

**ESTATE OF Maud SMITH, Deceased, Respondent-Appellee.**

No. 3–483A95.

Court of Appeals of Indiana, Third District.

March 13, 1984.

Rehearing Denied April 13, 1984.

---

Linley E. Lpearson, Atty. Gen., Dan S. LaRue, Deputy Atty. Gen., Indianapolis, for petitioner-appellant.

Jeanne S. Miller, Miller & Miller, New Haven, for respondent-appellee.

NEAL, Presiding Judge (Writing by Designation).

## STATEMENT OF THE CASE

Petitioner-appellant Indiana Department of State Revenue, Inheritance Tax Division (Tax Department) appeals an order of the Allen Superior Court granting respondent-appellee's Estate of Maud Smith, Deceased (Estate) motion to correct errors, and vacating its earlier judgment in favor of the Tax Department's petition to redetermine inheritance tax.

We reverse.

## STATEMENT OF THE FACTS

On April 2, 1971, O. Clem Smith and Maud Smith, husband and wife, conveyed, without consideration, part of a sixty-seven acre tract which they owned as tenants by the entireties, to their three sons and their wives (transferees). As transferors, O. Clem Smith and Maud Smith each reserved joint and successive life estates in the above property. Subsequently, on March 20, 1972, the transferors conveyed the balance of the sixty-seven acres to the transferees with the same reservation.

On May 11, 1975, O. Clem Smith died. Included in his gross estate for Indiana inheritance tax purposes was $41,875.00 which represented the value of one-half of the sixty-seven acres. The probate court's order of the amount of tax due also included the value of one-half of the sixty-seven acres. The transferees paid the tax and the Tax Department never challenged or filed for a redetermination of tax. Furthermore, the estate of O. Clem Smith nev-

er filed a claim for refund of any inheritance tax erroneously paid.

On April 16, 1981, Maud Smith died, and included in her gross estate was the transfer of a one-half interest in the sixty-seven acres valued at $72,188.00.[1] The Allen Superior Court entered its order assessing the tax and found that the transfer by Maud Smith of one-half of the sixty-seven acres was includable in her estate at a value of $72,188.00. The Tax Department determined that it was improper to include only one-half the value of the sixty-seven acres in her estate, and further determined that the full value of the property should have been included in her estate pursuant to 45 I.A.C. 4–2–5 (formerly Inheritance Tax Regulation 2, Sec. 2.5).[2] The Tax Department calculated that the Estate owed an additional inheritance tax in the amount of $3,314.94, representing the tax due on the full value of the sixty-seven acres at the time of the wife's death.

The Tax Department filed its petition to redetermine tax, seeking inclusion of the full value of the sixty-seven acres. Upon findings of fact and conclusions of law, the trial court granted the Tax Department's petition, but then vacated its judgment and granted the Estate's motion to correct errors without making any further findings.

### ISSUE

The sole issue presented on appeal by the Tax Department is:

Whether real estate that is held by a husband and wife as tenants by the entireties and which is gratuitously transferred subject to their joint and successive life estates is taxed in the estate of the last grantor to die or is taxed one-half in the estate of the first to die and one-half in the estate of the second to die.

1. The "Schedule of All Property" showed that the fair market value of the entire 67 acres on the date of Maud Smith's death was $144,376, and the value of one-half of the property was $72,188 at that time.

### DISCUSSION AND DECISION

The Tax Department argues that the trial court's ruling is contrary to law, specifically 45 I.A.C. 4–2–5 which provides:

"Whenever real estate which is held by the entireties is transferred, subject to joint and successive life estates in the grantors, without valuable and sufficient consideration in money or money's worth, such transfer shall be taxed in the estate of the last grantor to die."

The above-cited regulation was in effect at the death of both O. Clem Smith and Maud Smith; therefore, the Tax Department concludes no inheritance tax was due on any portion of the 67 acres until the last grantor died. That the Tax Department accepted the erroneous inheritance tax assessment filed by the Estate of O. Clem Smith does not prohibit the Tax Department from asserting the correct method of taxation in the Estate of Maud Smith. Finally, the Tax Department relies upon *State, Department of State Revenue v. Union Bank and Trust Company*, (1978) 177 Ind.App. 632, 380 N.E.2d 1279 for the proposition that the entire value of the property must be included in the estate of the second life tenant to die.

In *Union Bank*, a husband and wife owned real estate as tenants by the entireties. They conveyed the property to their son and daughter-in-law (grantees), reserving joint and successive life estates. The husband died first, but his estate was never opened for probate. Upon the death of the wife, her estate included an inheritance tax assessment on only one-half the property transferred to the grantees. Here, the State disputed the tax assessment, contending that the wife's estate is responsible for the inheritance tax on the entire value of the 67 acres. Citing 45 I.A.C. 4–2–5, Judge Robertson held in *Union Bank* that whenever real estate which is owned by the entireties is transferred without valuable

2. Indiana Department of State Revenue Regulation No. 2, Sec. 2.5 has been in effect since September 10, 1970, and was repromulgated and continued in effect under 45 I.A.C. 4–2–5 on December 31, 1978.

consideration, subject to joint and successive life estates in the grantors, the transfer is taxed in the estate of the last grantor to die.

Under the Estate's theory, the transferees, who received a remainder interest in the property subject to their parents' joint and successive life estates, would pay an inheritance tax on the value of one-half of the property upon the death of O. Clem Smith, the first grantor to die. This is so, the Estate argues, because the property in question was transferred by an *inter vivos*, not testamentary, conveyance to the transferees. In essence, the Estate contends that the taxable event occurred when the transferees received the deed to the property subject only to the life estates reserved by their parents. The Estate asserts that the reasoning in the *Union Bank* opinion is unsound in holding that there was no taxable transfer until the death of the last grantor. Thus, the transferees who would not receive actual possession or enjoyment of the property until the death of the last grantor, would be obligated to pay, according to the Estate, an inheritance tax on one-half of the 67 acres at the death of the first grantor. The Estate maintains that "[i]t is the original transfer, with life estate retained, which is the subject of the imposition of the Indiana Inheritance Tax; the subsequent coming into possession or enjoyment is not the determining factor".

■ The taxation of property interests transferred at the time of death is governed entirely by statute. *Indiana Department of State Revenue v. Puett,* (1982) Ind.App., 435 N.E.2d 298; and *Matter of the Estate of Compton,* (1980) Ind. App., 406 N.E.2d 365. The inheritance tax statutes are designed to tax the privilege of succeeding to property rights of deceased persons and the tax is imposed on the interest taken by the transferee and not on the property itself. *Puett, supra;* and *In re Estate of Grotrian,* (1980) Ind. App., 405 N.E.2d 69. Thus, the Indiana inheritance tax is not a tax on property, but a tax on the right of the heirs to succeed to that property. *Indiana Department of State Revenue v. Cohen,* (1983) Ind.App., 436 N.E.2d 832. The inheritance tax is levied upon the beneficiary-transferee's share, not upon the decedent-transferor's estate as with the Federal Estate Tax. *Cohen, supra.*

■ IND.CODE 6–4.1–2–4 imposes an inheritance tax on the following transfers of interests in property, in part:

"(a) The inheritance tax applies to transfers of property interests described in subsection (d) and to the following types of property interest transfers:

(1) transfers which are made under a deceased transferor's will or under the laws of intestate succession, as a result of the transferor's death;

(2) transfers which are made in contemplation of the transferor's death;

(3) transfers which are made in such a manner that they are intended to take effect in possession or enjoyment at or after the transferor's death;"

By reserving joint and successive life estates, the transferors intended for the transfer "to take effect in possession or enjoyment at or after the transferor's death". Thus, imposition of the inheritance tax would occur upon the death of the last transferor, as contemplated by IND.CODE 6–4.1–2–4.

Regulation 45 I.A.C. 4–2–5 clearly imposes the tax at the time the transferees come into actual possession of the property, not at the time the property *vests* in the transferees as the Estate argues. The regulation is entirely consistent with the Indiana inheritance tax statute which taxes the privilege of succeeding to the right of possession or enjoyment of property from a former owner at his death. IND.CODE 6–4.1–2–4; and *Grotrian, supra.* In short, it is a tax on the *transfer* of possession and enjoyment. No tax arises until a shifting of enjoyment occurs.

■ In the case at bar, the record shows that Maud Smith continued to enjoy a present possessory interest as a life tenant in the property after the death of her husband, O. Clem Smith. There is no evi-

dence in the record indicating that the transferees received present possession in 50% of the 67 acres at the time of the death of O. Clem Smith. As this court said in *Union Bank:*

"The law in this State is clear that property held in a tenancy by the entireties is held by a single legal entity created by the fiction of the unity of husband and wife. *Anuszkiewicz v. Anuszkiewicz,* (1977) Ind.App. [172 Ind.App. 279], 360 N.E.2d 230; *Heffner v. White,* (1942) 113 Ind.App. 296, 45 N.E.2d 342. It is similarly well settled that one spouse cannot convey or encumber the property so held without the consent of the other. *Baker v. Cailor,* (1933) 206 Ind. 440, 186 N.E. 769; *Sharpe v. Baker,* (1911) 51 Ind.App. 547, 96 N.E. 627, 99 N.E. 44. Therefore, under the facts presented herein, the 'transferor' was a single entity, and we believe it follows that 'at or after the transferor's death' applies to the cessation of the ownership rights of both partners in the marital enterprise.

It cannot reasonably be said that one spouse intends the transfer to be effective upon his death when he lacks the power to complete the grant in the absence of consent by the other spouse. *Baker, supra; Sharpe, supra.* Furthermore, we recently construed the above statute in *Matter of Estate of Bannon,* (1977) Ind.App. [171 Ind.App. 610], 358 N.E.2d 215. In *Bannon,* we held that the imposition of the death tax will be governed by resolution of the question 'whether the decedent had an interest in the property which passed to the beneficiary upon his death.' *Id.,* at 217 (emphasis in original). Here, when the decedent's husband died, he had no interest which passed to the beneficiaries upon his death. In the absence of a demonstrable enlargement of the grantees' interest, therefore, no taxable transfer occurred."

380 N.E.2d at 1280.

We can only conclude that the transfer of the present possessory interest by O. Clem Smith and Maude Smith was intended to take effect upon the death of the last grantor, since both transferors reserved joint and successive life estates. Upon Maud Smith's death, the transferees took possession of the whole property, and were *then* subject to the Indiana inheritance tax. This result is in full accord with Indiana's tax statutes and regulations as well as this court's earlier ruling in *Union Bank.*

It is unfortunate that O. Clem Smith's estate erroneously included the value of one-half the property in his estate's "Schedule of All Property". His estate could have applied for a refund of the inheritance tax erroneously collected within three years after the tax was paid. IND.CODE 6-4.1-10-1, and *Indiana Department of Revenue v. Estate of Binhack,* (1981) Ind. App., 426 N.E.2d 714.

We agree with the Tax Department that the filing of an erroneous tax return in the husband's estate does not estop it from asserting the correct tax in the estate of the wife. For the above reasons, the trial court erred in failing to include the full value of the 67 acres in the Estate of Maud Smith.

Judgment reversed.

ROBERTSON and RATLIFF, JJ. (Sitting by designation), concur.