INDIANA DEPARTMENT OF STATE REVENUE, INHERITANCE TAX DIVISION, Appellant (Petitioner below),

v.

Estate of Maud SMITH, Deceased, Appellee (Respondent below).

No. 285S40.

Supreme Court of Indiana.

Feb. 5, 1985.

Linley E. Pearson, Atty. Gen. of Indiana, Dan S. LaRue, Deputy Atty. Gen., Indianapolis, for appellant.

Jeanne S. Miller, Miller & Miller, New Haven, for appellee.

HUNTER, Justice.

This cause is before us upon the petition to transfer of respondent-appellee, the Estate of Maud Smith, Deceased (Estate). The Court of Appeals, Third District, reversed a lower court judgment in favor of the Estate concerning the amount of inheritance tax owed by the Estate. *Indiana Department of State Revenue v. Estate of Maud Smith*, (1984) Ind.App., 460 N.E.2d 980. We find that the Court of Appeals did correctly decide one issue in this case when they determined that the real property held originally by Maud Smith and her husband O. Clem Smith as tenants by the entireties and then transferred by them to their children, subject to the joint and successive life estates in the grantors, became wholly subject to the Indiana Inheritance Tax at the time of death of the last grantor.

However, we find that the Court of Appeals failed to consider the issue of whether the doctrine of equitable recoupment is applicable to this case. We therefore grant transfer and reverse. The opinion and decision of the Court of Appeals are hereby vacated, and appellee's petition to transfer is granted. The decision of the trial court is affirmed in part and the cause is remanded with instructions.

The facts in this case are not in dispute and were summarized by the Court of Appeals as follows:

"On April 2, 1971, O. Clem Smith and Maud Smith, husband and wife, conveyed, without consideration, part of a sixty-seven acre tract which they owned as tenants by the entireties, to their three sons and their wives (transferees). As transferors, O. Clem Smith and Maude Smith each reserved joint and successive life estates in the above property. Subsequently, on March 20, 1972, the transferors conveyed the balance of the sixty-seven acres to the transferees with the same reservation.

"On May 11, 1975, O. Clem Smith died. Included in his gross estate for Indiana

inheritance tax purposes was $41,875.00 which represented the value of one-half of the sixty-seven acres. The probate court's order of the amount of tax due also included the value of one-half of the sixty-seven acres. The transferees paid the tax and the Tax Department never challenged or filed for a redetermination of tax. Furthermore, the estate of O. Clem Smith never filed a claim for refund of any inheritance tax erroneously paid.

"On April 16, 1981, Maud Smith died, and included in her gross estate was the transfer of a one-half interest in the sixty-seven acres valued at $72,188.00. The Allen Superior Court entered its order assessing the tax and found that the transfer by Maud Smith of one-half of the sixty-seven acres was includable in her estate at a value of $72,188.00. The Tax Department determined that it was improper to include only one-half the value of the sixty-seven acres in her estate, and further determined that the full value of the property should have been included in her estate pursuant to 45 I.A.C. 4–2–5 (formerly Inheritance Tax Regulation 2, Sec. 2.5). The Tax Department calculated that the Estate owed an additional inheritance tax in the amount of $3,314.94, representing the tax due on the full value of the sixty-seven acres at the time of the wife's death.

"The Tax Department filed its petition to redetermine tax, seeking inclusion of the full value of the sixty-seven acres. Upon findings of fact and conclusions of law, the trial court granted the Tax Department's petition, but then vacated its judgment and granted the Estate's motion to correct errors without making any further findings." (Footnotes omitted.)

*Ind. Dept. of State Rev. v. Estate of Smith,* 460 N.E.2d at 981–82.

The Court of Appeals considered the following issue presented by the Indiana Department of Revenue:

"Whether real estate that is held by a husband and wife as tenants by the entireties and which is gratuitously transferred subject to their joint and successive life estates is taxed in the estate of the last grantor to die or is taxed one-half in the estate of the first to die and one-half in the estate of the second to die."

*Ind. Dept. of State Rev. v. Estate of Smith,* 460 N.E.2d at 982. They correctly considered our inheritance tax laws, as follows:

"The taxation of property interests transferred at the time of death is governed entirely by statute. *Indiana Department of State Revenue v. Puett,* (1982) Ind.App., 435 N.E.2d 298; and *Matter of the Estate of Compton,* (1980) Ind.App. 406 N.E.2d 365. The inheritance tax statutes are designed to tax the privilege of succeeding to property rights of deceased persons and the tax is imposed on the interest taken by the transferee and not on the property itself. *Puett, supra;* and *In re Estate Grotrian,* (1980) Ind.App., 405 N.E.2d 69. Thus, the Indiana inheritance tax is not a tax on property, but a tax on the right of the heirs to succeed to that property. *Indiana Department of State Revenue v. Cohen,* (1982) Ind.App., 436 N.E.2d 832. The inheritance tax is levied upon the beneficiary-transferee's share, not upon the decedent-transferor's estate as with the Federal Estate Tax. *Cohen, supra.*

"IND.CODE 6–4.1–2–4 imposes an inheritance tax on the following transfers of interests in property, in part:

'(a) The inheritance tax applies to transfers of property interests described in subsection (d) and to the following types of property interest transfers:

(1) transfers which are made under a deceased transferor's will or under the laws of intestate succession, as a result of the transferor's death;

(2) transfers which are made in contemplation of the transferor's death;

(3) transfers which are made in such a manner that they are intended to

take effect in possession or enjoyment at or after the transferor's death;'

By reserving joint and successive life estates, the transferors intended for the transfer 'to take effect in possession or enjoyment at or after the transferor's death'. Thus, imposition of the inheritance tax would occur upon the death of the last transferor, as contemplated by IND.CODE 6-4.1-2-4."

*Ind. Dept. of State Rev. v. Estate of Smith,* 460 N.E.2d at 983.

The Court also considered a Tax Department ruling and a 1978 case upon which the Tax Department relied. The ruling, 45 I.A.C. 4-2-5 (1984 ed.), provides:

"Whenever real estate which is held by the entireties is transferred, subject to joint and successive life estates in the grantors, without valuable and sufficient consideration in money or money's worth, such transfer shall be taxed in the estate of the last grantor to die."

In the case of *State, Department of State Revenue v. Union Bank and Trust Company,* (1978) 177 Ind.App. 632, 380 N.E.2d 1279, the court held that whenever real estate which is owned by the entireties is transferred without valuable consideration, subject to joint and successive life estates in the grantors, the transfer is taxed in the estate of the last grantor to die. The court then concluded:

"In the case at bar, the record shows that Maud Smith continued to enjoy a present possessory interest as a life tenant in the property after the death of her husband, O. Clem Smith. There is no evidence in the record indicating that the transferees received present possession in 50% of the 67 acres at the time of the death of O. Clem Smith."

\*　　\*　　\*　　\*　　\*　　\*

"We can only conclude that the transfer of the present possessory interest by O.

Clem Smith and Maude [sic] Smith was intended to take effect upon the death of the last grantor, since both transferors reserved joint and successive life estates. Upon Maud Smith's death, the transferees took possession of the whole property, and were *then* subject to the Indiana inheritance tax. This result is in full accord with Indiana's tax statutes and regulations as well as this court's earlier ruling in *Union Bank.*"

*Ind. Dept. of State Rev. v. Estate of Smith,* 460 N.E.2d at 983-84.

■ We find that the Court of Appeals did correctly define the difference between our state inheritance tax law and the Federal Estate Tax and thus reached the correct result as to the time the value of the entire property was subject to the Indiana inheritance tax. Under Indiana law, the entire value of the Smith's property was subject to the Indiana inheritance tax at the time of Maud Smith's death, since the transferees took possession of the entire property at that time.[1]

■ However, we find that the Court of Appeals did not address the issue of equitable recoupment which was properly raised in appellee's brief and petition to transfer and is clearly applicable to this case. It is well settled in Indiana that courts of general jurisdiction have power to grant equitable relief, not only under statutes, but inherently, as necessary to the complete administration of justice. *State ex rel. Root v. Circuit Court of Allen County,* (1972) 259 Ind. 500, 289 N.E.2d 503; *State ex rel. Uebelhor v. Armstrong,* (1969) 252 Ind. 351, 248 N.E.2d 32.

The doctrine of equitable recoupment is an equitable exception to the statute of limitations where the application of the statute would work an egregious injustice. It has been applied in federal courts in both

[1] The appellee contends that the Court of Appeals' decision conflicts with a prior decision, *In re Grotrian,* (1980) Ind.App., 405 N.E.2d 69. In that case the court held that the determination of the classification of a transferee takes place as of the date of the *inter vivos* deed. However, that holding concerning the time of determining the classification of a transferee does not affect our finding concerning the time the tax itself accrues. In fact, the *Grotrian* court stated: "Thus the gift took effect in 1942 even though the tax did not accrue until the transferors had died." *In re Grotrian,* 405 N.E.2d at 72. There is no conflict here.

tax collection and tax refund situations and it permits a taxpayer to offset a tax collected on a wrong theory against an assessment under a correct theory. 10 J. Mertens, *The Law of Federal Income Taxation* § 60.05 (1984 rev. ed.). Recoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is based and therefore is applicable only to situations in which a single transaction constitutes the taxable event claimed upon and the one considered in the recoupment.

The doctrine has been applied by the United States Supreme Court in cases involving the erroneous collection of an estate tax and the denial of a refund of income tax. *Bull v. United States*, (1935) 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421; *Stone v. White*, (1937) 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265. The Supreme Court has emphasized that recoupment will only be applied when the various claims arise from the same transaction. They have explained that the doctrine of recoupment is "only to permit a transaction which is made the subject of suit by a plaintiff to be examined in all its aspects, and judgment to be rendered that does justice in view of the one transaction as a whole." *Rothensies v. Electric Storage Battery Co.*, (1946) 329 U.S. 296, 299, 67 S.Ct. 271, 272, 91 L.Ed. 296, 299. Other courts have applied the concept of recoupment in tax cases where there has been an inconsistent treatment of the same item and rigid adherence to the statute of limitations would lead to unusually harsh and inequitable results. *Vitt v. United States*, (8th Cir. 1983) 706 F.2d 871; *First National Bank of Omaha v. United States*, (8th Cir.1977) 565 F.2d 507.

■ In this case, the taxes in dispute on the death of O. Clem Smith in 1975 and on the death of Maud Smith in 1981 each pertain to the same tract of property and result from the same transaction which was the Smiths' transfer of their real property to their children in 1971. The fact that there was confusion as to the time part of the taxes became due does not change the fact that the basis of the taxes was the single transfer of one piece of property. Thus, in the circumstances of this case, the bar of the statute of limitations has resulted in inequitable consequences to the taxpayer, and a single transaction constitutes the taxable event claimed upon and the one considered in recoupment. Under these circumstances, recoupment is appropriate for Maud Smith's estate. In similar circumstances, a decedent's estate was allowed to recover an overpayment of tax and interest which resulted when more than half the value of certain property had been erroneously included in the decedent's husband's estate. *Vitt v. United States*, 706 F.2d at 875.

On remand, the court is instructed to accurately determine the amount of overpayment of taxes made in 1975 due to the erroneous inclusion of one-half the property in O. Clem Smith's estate and interest on that amount up to the date the 1981 taxes were due. This is the amount of recoupment which the Maud Smith estate may deduct from the taxes which are due as the result of Maud Smith's death in 1981. In other words, neither side is to gain a windfall, and equity will place the parties as nearly as possible in the position they would have been in if the error in the 1975 tax payment had not been made.

For all of the foregoing reasons, transfer is granted and the opinion of the Court of Appeals is vacated. The cause is remanded to the trial court with instructions to determine the amount of recoupment which Maud Smith's estate may deduct from the 1981 tax payment. The judgment of the trial court in all other things is affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.