STATE of Indiana, Appellant–Plaintiff,

v.

Harrison ADAMS, Appellee–Defendant.

No. 78A01–9109–IF–273.

Court of Appeals of Indiana,
First District.

Jan. 7, 1992.

---

**800**

Linley E. Pearson, Atty. Gen. of Indiana and Gary Damon Secrest, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellant-plaintiff.

Merritt K. Alcorn, Eckert Alcorn & Goering, Madison, for appellee-defendant.

ROBERTSON, Judge.

The State of Indiana appeals from the grant of Harrison Adams' motion to correct error, and contends the grant is contrary to law. We affirm.

The evidence favorable to the verdict reveals that Adams owned land which included a stream. Large amounts of rock, gravel, and other debris collected in the stream, especially after heavy rains and torrential floods. Adams excavated this creek rock and gravel but did not excavate the actual, natural creek bed. The State informed Adams he needed a permit for the continued excavation, but Adams refused. The State cited Adams with violation of Ind. Code 13–2–22–13(d) and (h), in that he did not obtain a permit. Such a failure is a class C infraction. The trial court found Adams liable for the infraction but then granted his motion to correct error.

The State claims that several bases of the trial court's decision are contrary to law. We must, however, affirm the judgment of the trial court if it can be sustained on any theory or basis found in the record. *Hedrick v. First National Bank and Trust Co. of Plainfield* (1985), Ind.App., 482 N.E.2d 1146.

We are bound by the principle of statutory construction that the intent of the legislature is to be gleaned from the statute as a whole and not from any section or portion thereof taken piecemeal. Each part must be considered with reference to all other parts. *Foreman v. State ex rel. Department of Natural Resources* (1979), 180 Ind.App. 94, 387 N.E.2d 455. Another consideration examined in construing a statute is to give effect to the purpose or harm to be eliminated. *Id.*

The State claims I.C. 13–2–22–13(d) and (h) control the determination of this case. The State contends the evidence is undisputed that Adams made an excavation although he did not obtain a permit. The statute as a whole, however, shows the harm the legislature sought to eliminate in I.C. 13–2–22–13(b):

It is unlawful to erect, make, use, or maintain any structure, obstruction, deposit, or excavation in or on any floodway or to suffer or permit any structure, obstruction, deposit, or excavation to be erected, made, used, or maintained in or on any floodway which will *adversely affect the efficiency of, or unduly restrict the capacity of, the floodway,* or which, by virtue of its nature, design, method of construction, state of maintenance, or physical condition, will constitute an *unreasonable hazard* to the safety of life or property, or result in unreasonably detrimental effects upon the fish, wildlife, or botanical resources, and the same are declared to be and to constitute public nuisances. (Emphasis supplied.)

Also, the legislative declaration in the statute states that, to prevent and limit floods, the alteration of *natural or present water courses of all rivers and streams* in the

state should be regulated, supervised, and coordinated. I.C. 13–2–22–2.

The trial court specifically stated that Adams' conduct was consistent with the purposes of the statute. Adams removed accumulated rocks and debris and did not excavate the natural stream bed. He did not alter the present water course of the stream. Granted, the rocks and debris were placed in the stream by acts of nature and, when he removed them, Adams thereby arguably altered the "natural" course of the stream. However, the trial court noted that Adams removed obstructions which would likely have increased the likelihood of and damage from a flood. This is the very event the statute seeks to prevent. In effect, the trial court concluded that Adams' actions did not adversely affect the efficiency of the floodway or unduly restrict its capacity and that his conduct did not constitute an unreasonable hazard to the safety of life or property. Although others may have reached a different conclusion, the judgment of the trial court is sustainable on this basis.

■ The State also claims the trial court improperly denied its motion to disqualify Adams' attorney. The State bases its appeal on I.C. 35–38–4–2(3), which provides that the State may appeal from an order granting a motion to correct error. However, the State did not include this issue in its motion to correct error and the State has not asserted any other basis for appeal of the issue. We will not consider it.

Judgment affirmed.

RATLIFF, C.J., concurs.

SULLIVAN, J., concurs in result.