INDIANA DEPARTMENT OF STATE
REVENUE, INHERITANCE TAX
DIVISION, Appellant,

v.

The Supervised ESTATE OF John
A. SCHOENENBERGER,
Deceased, Appellee.

No. 49T10–1010–TA–54.

Tax Court of Indiana.

Sept. 7, 2012.

John T. Casey, Rensselaer, IN, Attorney for Appellee.

Gregory F. Zoeller, Attorney General of Indiana, Lynne D. Hammer, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

WENTWORTH, Judge.

The Indiana Department of State Revenue, Inheritance Tax Division appeals the Lake Circuit Court's (probate court) determination that the Estate of John A. Schoenenberger was entitled to interest on its refund claim computed according to the 1980 version of Indiana Code § 6–4.1–10–1 and judgment interest. In challenging the probate court's ruling, the Department claims that interest is to be calculated according to the 2007 version of Indiana Code § 6–4.1–10–1. Accordingly, the resolution of this appeal depends on whether the 1980 or the 2007 version of Indiana Code § 6–4.1–10–1 applies for purposes of computing interest on the Estate's claim

for refund of inheritance tax. The Court reverses and remands.

### FACTS AND PROCEDURAL HISTORY

On February 23, 2003, John A. Schoenenberger died testate. On November 21, 2003, his Estate remitted an estimated inheritance tax payment, in the amount of $1.8 million, to the Lake County Treasurer.[1] The Estate and the Department subsequently agreed that the Estate would file its Indiana inheritance tax return when the Internal Revenue Service completed its audit of the Estate.

On April 6, 2007, the Estate sent its completed return and a letter to the Department, which stated in part:

> As the return reflects, the inheritance [tax] due is $1,056,534.04. A[ ] timely estimated inheritance tax payment of $1,800,000 was made to the Lake County Treasurer's office[.] Thank you for your patience in this matter. Upon review please advise as to refund due.

(Appellant's App. Ex. F at 27.) About six months later, the Department sent the Estate a "Notice of Additional Inheritance Tax Due" (Notice), explaining that the Estate's inheritance tax liability was $1,113,549.00. Along with the Notice, the Department explained that the Estate must file with the probate court a copy of its return and an order determining inheritance tax due. The Department also enclosed a blank Form IH–5 Claim for Refund form for the Estate to complete and return to the Department.

On February 19, 2008, the Estate filed its return with the probate court. On April 8, 2008, the probate court issued an order determining that the Estate's inheritance tax liability was $1,113,549.00. The probate court's order, however, did not account for the 5% statutory discount of $55,677.45 for early payment of the tax, which reduced the Estate's inheritance tax liability to $1,057,871.55. (*Cf.* Appellant's App. Ex. J at 33 *with* Ex. I at 31.)

On April 14, 2008, the Estate filed a Form IH–5 refund claim with the Department, requesting a refund of overpaid inheritance tax in the amount of $686,451.00 ($1,800,000 minus $1,113,549). (Appellant's App. Ex. K at 34.) On May 13, 2008, the Department mailed the Estate's attorney a $742,128.45 refund check, which took into account the 5% early payment discount ($1,800,000 minus $1,057,871.55). (*See* Appellant's App. Ex. L at 37.) The next month, the Estate filed another refund claim with the Department, asserting that it should have received interest on the $742,128.45 refund. On July 11, 2008, the Department denied the Estate's claim.

The Estate timely filed a Complaint Contesting Refund/Petition for Interest on Refund with the probate court. The Estate subsequently moved for summary judgment, arguing that its right to interest was triggered under the 1980 version of Indiana Code § 6–4.1–10–1 because when it overpaid its inheritance tax on November 21, 2003, that version of the statute was in effect. (*See* Appellant's App. Ex. V at 96–100.) The Department responded that it owed the Estate no interest pursuant to the 2007 version of the statute because the Estate's right to any interest was determined when it filed its refund claim on April 14, 2008, and the 2007 version was then in effect. (*See* Appellant's App. Ex. W at 117–18.) On June 18, 2010, the probate court granted summary judgment in favor of the Estate. (*See* Appel-

---

1. The Estate remitted the estimated payment to preserve its right to the 5% statutory discount for early payment. *See* Ind.Code § 6–4.1–9–2 (2003); 45 Ind. Admin. Code 4.1–9–2(a) (2003).

lant's App. Ex. B.) The Department then filed a Motion to Correct Error (Motion). On September 16, 2010, the probate court denied the Department's Motion and issued a *Nunc Pro Tunc* Order specifying that the Estate should have received $199,347.84 in interest and also awarded the Estate judgment interest.[2] (Appellant's App. Ex. C at 7–8 (footnote added).)

The Department appealed to this Court on October 4, 2010, and the Court heard oral argument on May 9, 2011. Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

■ This Court acts as a true appellate tribunal when reviewing an appeal of a probate court's determination regarding a claim for refund of inheritance tax. IND. CODE § 6–4.1–10–5 (2012). Accordingly, while the Court will afford the probate court great deference in its role as the finder of fact, it will review its legal conclusions *de novo*. *In re Estate of Young*, 851 N.E.2d 393, 395 (Ind. Tax Ct.2006) (citation omitted).

## LAW

Indiana Code § 6–4.1–10–1 governs all claims for the refund of Indiana inheritance tax. Prior to 1980, this statute did not provide for the payment of interest on refund claims whatsoever. *See, e.g.*, 1976 Ind. Acts 69, 98–99; 1937 Ind. Acts 846–48; 1931 Ind. Acts 192, 207–11. In 1980, however, the General Assembly amended the statute to expressly authorize, among other things, the payment of interest:

(a) A person may file with the department of state revenue a claim for the refund of inheritance or Indiana estate tax which has been erroneously or illegally collected. Except as pro-

vided in section 2 of this chapter, the person must file the claim within three (3) years after the tax is paid or within one (1) year after the tax is finally determined, whichever is later.

(b) The amount of the refund that a person is entitled to receive under this chapter equals the amount of the erroneously or illegally collected tax, *plus interest* at the rate of six percent (6%) per annum computed *from the date the tax was paid* to the date it is refunded.

IND.CODE § 6–4.1–10–1 (1980) (emphases added) (hereinafter "the 1980 version"). The 1980 version of the statute was in effect when Schoenenberger died, when the Estate remitted its estimated payment of inheritance tax on November 21, 2003, and when it sent its return and letter to the Department on April 6, 2007.

Effective July 1, 2007, the General Assembly amended Indiana Code § 6–4.1–10–1 subsection (b) and added subsection (c):

(b) The amount of the refund that a person is entitled to receive under this chapter equals the amount of the erroneously or illegally collected tax, plus interest calculated as specified in subsection (c).

(c) If a tax payment that has been erroneously or illegally collected is not refunded within ninety (90) days after the date on which the refund claim is filed with the department of state revenue, interest accrues at the rate of six percent (6%) per annum computed *from the date the refund claim is filed* until the tax payment is refunded.

---

2. The probate court held a hearing on the Motion for Summary Judgment and the Motion to Correct Error, but there is no transcript of either of those hearings. (*See* Am. Notice Completion Clerk's R., Mar. 24, 2011.)

IND.CODE § 6–4.1–10–1(b)–(c) (2007) (amended 2009) (emphasis added) (hereinafter "the 2007 version").[3] The 2007 version of the statute was in effect when the probate court determined the Estate's inheritance tax liability on April 8, 2008, and when the Estate filed its Form IH–5 refund claim with the Department on April 14, 2008.

## ANALYSIS

The parties disagree about whether the 1980 version or the 2007 version of the inheritance tax refund statute applies. The Department maintains that the probate court should have applied the 2007 version of the statute because that version was in effect on April 14, 2008 when the Estate filed its Form IH–5 refund claim.[4] (*See* Appellant's Br. at 9–13 (footnote added).) The Estate, on the other hand, maintains that the probate court properly applied the 1980 version for the two alternative reasons discussed below.

### (1)

First, the Estate contends it is not the date it filed its Form IH–5 refund claim that controls, but the date it overpaid its tax, which was on November 21, 2003 when subsection (b) of the 1980 version of the statute was in effect. (*See* Oral Argument Tr. at 21–23, 30–31; Appellee's Br. at 11, 14–25, 43–46.) This contention assumes that the sole requirement triggering the right to interest under the 1980 version of the statute is making an overpay-

ment of tax that necessarily results in an erroneously or illegally collected tax.

 The unambiguous meaning of the 1980 version of subsection (b) states that a refund includes both the amount of erroneously or illegally collected tax and interest on that amount from the date paid to the date refunded. I.C. § 6–4.1–10–1(b) (1980). Thus, knowing the amount of tax overpaid is prerequisite to calculating the amount of interest that may be due. The 1980 version of subsection (b), however, may not be read in isolation, but must be considered with reference to subsection (a). *See State v. Adams,* 583 N.E.2d 799, 800 (Ind.Ct.App.1992) (stating "[e]ach part [of a statute] must be considered with reference to all other parts" of the statute) (citation omitted), *trans. denied.* Accordingly, to obtain the refund provided under the inheritance tax refund statute, subsection (a) indicates that a taxpayer must timely file a refund claim for the amount of erroneously or illegally collected tax.[5] Indeed, cases interpreting Indiana Code § 6–4.1–10–1(a) make clear that an estate's failure to timely file a refund claim may bar its ability to recover an erroneous overpayment of inheritance tax and any interest thereon. *See Sibbitt v. Indiana Dep't of State Revenue,* 563 N.E.2d 146, 147–49 (Ind.Ct.App.1990), *trans. denied; In re Estate of Compton,* 406 N.E.2d 365, 367–72 (Ind.Ct.App.1980). Consequently, a taxpayer is not entitled to a refund with

---

**3.** The General Assembly's 2009 amendment of Indiana Code § 6–4.1–10–1 has no bearing on the outcome of this matter.

**4.** The Department has suggested that the Estate intentionally overpaid its inheritance tax liability as an "investment opportunity" because at that time the rate of return on refunds exceeded the rate of return on government bonds. (*See* Appellant's Br. at 10.) It was reasonable, however, that the Estate might overestimate its tax liability because of

the uncertainty caused by the impending will contest. (*See* Appellee's Br. at 19–20, 35.)

**5.** The language of subsection (a) states that "[a] person *may* file with the department of state revenue a claim for the refund of inheritance ... tax[.]" IND.CODE § 6–4.1–10–1(a) (1980). While the use of the word "may" indicates that filing a refund claim in the manner prescribed is discretionary, it is mandatory if the person wants the other benefits, such as interest, provided by the full statute.

interest based solely on an overpayment of tax that results in the erroneous or illegal collection of tax, as the Estate urges. The taxpayer must also submit a timely filed refund claim. Thus, the Estate's first argument is unpersuasive.

### (2)

■ Alternatively, the Estate argues that to the extent its right to receive interest depends on the date it filed its refund claim, the 1980 version of the statute still applies. (*See* Appellee's Br. at 30–34.) The Estate reasons that its April 6, 2007 letter asking the Department to "advise as to refund due" and attached inheritance tax return was tantamount to filing a claim for refund because it put the Department on notice.[6] (*See* Appellee's Br. at 30–34 (footnote added).)

Both the 1980 and 2007 versions of the refund statute contain the same statute of limitations with respect to the filing of a refund claim: "the person must file the claim within three (3) years after the tax is paid or *within one (1) year after the tax is finally determined,* whichever is later." I.C. § 6–4.1–10–1(a) (2007) (emphasis added); I.C. § 6–4.1–10–1(a) (1980) (emphasis added). In this case, the Estate's inheritance tax liability was finally determined on April 8, 2008, the day the probate court determined the amount of inheritance tax

due. *See* Ind.Code § 6–4.1–12–1 (2012) (providing that the probate court "determine[s] the inheritance tax imposed as a result of [a] resident decedent's death and [ ] hear[s] all matters related to the tax determination"); *accord Indiana Dep't of State Revenue v. Estate of Parker,* 924 N.E.2d 230, 235 n. 1 (Ind. Tax Ct.2010). Consequently, the Estate's April 6, 2007 filing of its return and letter with the Department was not a valid refund claim because the probate court had not yet determined the amount of inheritance tax due as of that date.[7]

The Estate, however, did file a valid refund claim on April 14, 2008, six days after the probate court determined its inheritance tax liability and more than nine months after the 2007 version took effect. Thus, the 2007 version of Indiana Code § 6–4.1–10–1 governed any right the Estate had to interest on its refund claim. That version of the statute provided that the Estate would receive interest on its refund claim if the Department failed to pay the refund claim within ninety days of its receipt. *See* I.C. § 6–4.1–10–1(b)–(c) (2007). The Department paid the claim well within that period, just twenty-nine days after receiving the claim; therefore, the probate court erred in granting the Estate interest on its refund claim and judgment interest thereon.[8]

---

**6.** The Department has claimed that the Estate's April 6, 2007 filing of its return and letter was not a valid refund claim because the Estate did not use an official Claim for Refund form. (*See* Appellant's Br. at 15.) Given its disposition of the case, however, the Court need not address this argument.

**7.** The Estate argues that the Department's long-standing, informal practice of automatically processing refund claims, absent the formal filing of a claim for refund, virtually eliminates that filing requirement. (*See* Oral Argument Tr. at 27–28; Appellee's Br. at 31–32.) While Indiana courts may apply equitable doctrines with respect to inheritance tax

matters, the party advocating the Court's use of those doctrines must explain the reasons they apply and provide legal authority for their application. *See Indiana Dep't of State Revenue v. Smith,* 473 N.E.2d 611, 614–15 (Ind.1985). The Estate has not done so here.

**8.** The Estate argues that because the Department had use of its money for more than four years and it did not, a requirement that the refund cannot be given until the probate court makes its final order is unfair. (*See* Appellee's Br. at 35–36.) The Estate reasons that unfairness results because filing a petition for reappraisal or redetermination could prolong the issuance of such orders. (*See* Appellee's

## CONCLUSION

For the above-stated reasons, the Court REVERSES the probate court's determination. Accordingly, the Court RE- MANDS this matter to the probate court for action consistent with this opinion.

Br. at 35–36.) The Court acknowledges the complexities attendant to large estates, like the one here, but will not limit or extend the plain meaning of Indiana Code § 6–4.1–10–1. *See Indiana Dep't of State Revenue v. Estate of* *Parker,* 924 N.E.2d 230, 233 (Ind. Tax Ct.2010) (*citation omitted* ).