WASHINGTON PARK CEMETERY ASSOCIATON, INC., Petitioner,

v.

MARION COUNTY ASSESSOR, Marion County Treasurer, and Marion County Auditor, Respondents.

No. 49T10–1404–TA–10.

Tax Court of Indiana.

May 9, 2014.

Jeffrey T. Bennett, Bradley D. Hasler, Bingham Greenebaum Doll LLP, Indianapolis, IN, Attorneys for Petitioner.

John C. Slatten, Marion County Assessor's Office, David J. Lichtenberger, Office Of Corporation Counsel, Indianapolis, IN, Attorneys for Respondents.

## ORDER ON PETITIONER'S PETITION TO ENJOIN COLLECTION OF TAX AND RESPONDENTS' MOTION TO DISMISS

WENTWORTH, J.

Come now the parties, Washington Park Cemetery Association, Inc. having filed a Petition to Enjoin Collection of Tax (Petition) and the Marion County Assessor, Treasurer, and Auditor (collectively "Marion County") having filed a Motion to Dismiss for lack of subject matter jurisdiction (Motion). The Court, being duly advised in all matters, grants Marion County's Motion.

## FACTS AND PROCEDURAL HISTORY

Washington Park is a non-profit cemetery association that owns a cemetery, mausoleum, and crematory complex in Indianapolis, Indiana. Included within the complex is a Community Life Center.

For many years, Washington Park's entire complex received an exemption from property taxation pursuant to Indiana Code § 6–1.1–10–27. In 2013, however, Washington Park received notice that the exemption previously applied to the Community Life Center had been removed effective with the March 1, 2012 assessment. The stated reason for the exemption's removal was that special events such as weddings sometimes were held there and there were no burials at that location.

On November 4, 2013, Washington Park filed both a Petition to the Indiana Board of Tax Review for Review of Exemption (Form 132) for the March 1, 2012 assessment date and a Petition for Correction of Error (Form 133) with the Marion County Property Tax Board of Appeals (PTABOA). The PTABOA denied the Form 133 and Washington Park then appealed that denial to the Indiana Board on December 13, 2013.

As of April 14, 2014, the Indiana Board had not yet scheduled a hearing on Washington Park's appeals. Consequently, Washington Park filed its Petition with this Court asking this Court to enjoin the collection of property taxes resulting from the exemption's removal. Marion County subsequently filed its Motion, asserting that the Court lacked subject matter jurisdiction. The Court conducted a hearing on May 8, 2014. Additional facts will be supplied as necessary.

## LAW

■ Subject matter jurisdiction can only be conferred upon a court by the Indiana Constitution or by statute. *State v. Sproles,* 672 N.E.2d 1353, 1356 (Ind. 1996). " 'Jurisdiction of the subject matter involves the *POWER* of the court to hear and determine a general class of cases to which the proceedings belong.' " *Harlan Sprague Dawley, Inc. v. Indiana Dep't of State Revenue,* 583 N.E.2d 214, 216 (Ind. Tax Ct.1991) (footnote and citation omitted).

■ Indiana Code § 33–26–3 confers upon this Court exclusive jurisdiction over "original tax appeals." Ind.Code §§ 33–26–3–1, –3 (2014). An original tax appeal is a case that 1) arises under Indiana's tax laws and 2) is an initial appeal of a final determination of either the Indiana Department of State Revenue or the Indiana Board of Tax Review. I.C. § 33–26–3–1. Thus, for the Tax Court to possess subject matter jurisdiction over a case, two requirements must be met: 1) the case must arise under Indiana's tax laws, and 2) the case must appeal a final determination of either the Department or the Indiana Board. *See Sproles,* 672 N.E.2d at 1356–57.

A separate section within the Court's enabling statutes provides that "[a] taxpayer who wishes to enjoin the collection of a tax pending the original tax appeal must file a petition with the tax court to enjoin collection of the tax." Ind.Code § 33–26–6–2(b) (2014). "The petition must set forth a summary of: (1) the issues that the petitioner will raise in the original tax appeal; and (2) the equitable considerations for which the tax court should order the collection of the tax to be enjoined." *Id.* The Court may enjoin the collection of the tax if, after conducting a hearing, it finds "(1) the issues raised by the original tax appeal are substantial; (2) the petitioner has a reasonable opportunity to prevail in the original tax appeal; and (3) the

equitable considerations favoring the enjoining of the collection of the tax outweigh the state's interest in collecting the tax pending the original tax appeal." I.C. § 33–26–6–2(c).

## ANALYSIS

In its Petition, Washington Park acknowledges that it has not yet received a final determination from the Indiana Board. (*See* Pet'r Pet. ¶ 4; Pet'r Br. Supp. Pet. Enjoin Collection Tax at 3.) Accordingly, Washington Park admits that its case is not yet ripe to file a petition for an original tax appeal. (*See* Pet'r Br. Supp. Pet. Enjoin Collection Tax at 3.) Nonetheless, Washington Park maintains that this Court has subject matter jurisdiction to rule on its Petition for three reasons.

### I.

Washington Park first argues that

[b]y requiring a summary of the issues that Petitioner "will raise" in the original tax appeal, [Indiana Code § 33–26–6–2(b) ] contemplate[s] the filing of an injunction request prior to the filing of an original tax appeal because if an original tax appeal had been filed, that filing would suffice to have "raised" the issues. There would be no need to recite issues that "will be" raised because those issues would have already been raised upon the filing of an original tax appeal.

(Pet'r Br. Resp. Mot. Dismiss ("Pet'r Br.") at 2.) In addition, Washington Park argues that

the legislature has organized Indiana Code § 33–26–6–2 into separate and distinct sections to deal with the separate and distinct petitions that may be brought before this Court-a petition to set aside a final determination, on the one hand (Indiana Code § 33–26–6–2(a)); and a petition to enjoin the collec-

tion of tax, on the other hand (Indiana Code § 33–26–6–2(b)). The [injunction] petition ... is not the same as the petition required to initiate an original tax appeal under Indiana Code § 33–26–6–2(a). If it were, there would be no need to refer separately to the injunction petition described in subsections (b) and (c).

(Pet'r Br. at 2.) Washington Park, however, has read Indiana Code § 33–26–6–2(b) in a vacuum.

When confronted with a question of statutory construction, the Court's function is to determine and implement the intent of the legislature in enacting that statutory provision. *See Johnson Cnty. Farm Bureau Coop. Ass'n v. Indiana Dep't of State Revenue,* 568 N.E.2d 578, 580 (Ind. Tax Ct.1991), *aff'd by* 585 N.E.2d 1336 (Ind. 1992). In general, the best evidence of this intent is found in the actual language of the statute itself, as chosen by legislature. *See id.* at 581. To this end, the Court will endeavor to give meaning to each and every word used in a statute, as it will not be presumed that the legislature intended to enact a statutory provision that is superfluous, meaningless, or a nullity. *See Chrysler Fin. Co. v. Indiana Dep't of State Revenue,* 761 N.E.2d 909, 916 (Ind. Tax Ct.2002), *review denied.* Additionally, the Court will give those statutory words and phrases their plain, ordinary, and usual meaning. *See Johnson Cnty. Farm Bureau,* 568 N.E.2d at 581. Finally, the Court must read the statute as a whole, and not sections or parts of it piecemeal. *See State v. Adams,* 583 N.E.2d 799, 800 (Ind.Ct.App.1992), *trans. denied.* Indeed, "[e]ach part [of a statute] must be considered with reference to all other parts [of the statute]." *Id.* (citation omitted).

Indiana Code § 33–26–6–2(a) states that

[a] taxpayer who wishes to initiate an original tax appeal must file a petition in the tax court to set aside the final determination of the department of state revenue or the Indiana board of tax review. If a taxpayer fails to comply with any statutory requirement for the initiation of an original tax appeal, the tax court does not have jurisdiction to hear the appeal.

I.C. § 33–26–6–2(a). Thus, when section (b) indicates that a taxpayer may file an injunction petition, it is assumed that an original tax appeal has been initiated under section (a). Indeed, the words in section (b) state that "[a] taxpayer who wishes to enjoin the collection of a tax *pending the original tax appeal....*" *Id.* at (b) (emphases added). The use of the word "pending" together with the definite article "the" strongly suggests that injunctive relief is proper only when an original tax appeal has been commenced. *See, e.g.,* BLACK'S LAW DICTIONARY 1248 (9th ed. 2009) (defining "pending" as "[t]hroughout the continuance of; during ... [w]hile awaiting; until"); WEBSTER'S THIRD NEW INT'L DICTIONARY 2368 (2002) (stating that the word "the" is "used as a function word to indicate that a following noun or noun equivalent refers to someone or something previously mentioned or clearly understood from the context or the situation"). This interpretation is further supported by the fact that Tax Court Rule 3(F) states that "[i]f the petitioner wishes to enjoin the collection of a tax pending the original tax appeal, there must be included *with the original tax appeal* a petition to enjoin

the collection of the tax[.]" Ind. Tax Court Rule 3(F) (emphasis added). For these reasons, the Court finds that the language "will raise" in Indiana Code § 33–26–6–2(b)(1) does not mean that injunctive relief can be granted before an original tax appeal has been initiated.

## II.

Next, Washington Park asserts that

.the nature of preliminary injunctive relief typically seeks an order from the Court BEFORE the full presentation of evidence on the merits, not AFTER. By authorizing this Court to grant injunctive relief and by authorizing this Court to hold an evidentiary hearing for the purpose of determining whether to grant equitable relief, the legislature has authorized this Court to hear evidence BEFORE a dispute has been fully litigated at the [Indiana Board.]

(Pet'r Br. at 4.) Washington Park, however, asks the Court to exert power where it has none. As just explained, the Tax Court may grant injunctive relief only if an original tax appeal is pending.

## III.

Finally, Washington Park argues that the principle of *stare decisis* requires the Court to follow its rationale and holding in *American Trucking Associations, Inc. v. Indiana,* 512 N.E.2d 920 (Ind. Tax Ct.1987). (*See* Pet'r Br. at 5–7.) While the rationale and holding in *American Trucking* does indeed support Washington Park's position, this Court declines to follow it.[1]

1. The principle established in *American Trucking* regarding this Court's subject matter jurisdiction was ultimately challenged and disposed of in another case by an original action with the Indiana Supreme Court. *See State ex. rel. Consolidated City of Indianapolis v. Indiana Tax Court,* No. 49S00–9010–OR–689 (Ind. Nov. 1, 1990) (order granting rela-

tors' application for an alternative writ of prohibition against the Tax Court); *American United Life Ins. Co. v. Indiana State Bd. of Tax Comm'rs,* No. 49T05–9008–TA–40 (Ind. Tax Ct. Nov. 13, 1990) (order dismissing petitioner's appeal for lack of subject matter jurisdiction). Because the Supreme Court issued an alternative writ of prohibition in that case

## CONCLUSION

Washington Park has filed an injunction petition but it has not filed an original tax appeal. For the reasons stated in this order, this Court therefore does not have subject matter jurisdiction to rule on Washington Park's Petition. Marion County's Motion is GRANTED and this cause is hereby DISMISSED.

SO ORDERED.

---

barring the Tax Court from exercising subject matter jurisdiction without stating its rationale or publishing the writ, the parties debated its precedential value in this case. Nonetheless, the Court need not determine the effect of the Supreme Court's writ because it now comes to the opposite opinion regarding subject matter jurisdiction than that in *American Trucking*.